## Hall v. Mengel Box Company.

(Decided October 29, 1914.)

### Appeal from Fulton Circuit Court.

Master and Servant—Contributory Negligence—Pleading.—Under the prevailing practice permitting the plea of contributory negligence to be set forth in general terms, an instruction following the pleading will be generally sufficient on this subject.

HESTER & HESTER for appellant.

TYLER & AMBERG for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Alleging that he was injured by the negligence of the Mengel Box Company while working for it, the appellant Hall brought this suit to recover damages for the injuries sustained. The answer of the company was a denial and plea of contributory neglect. On a trial of the case before a jury, there was a verdict for the company, and Hall appeals.

It appears that the Mengel Box Company operated a saw-mill, and in front of this saw-mill was a large platform or table on which logs were placed to be taken into the mill. The logs were brought to the table by wire ropes operated by machinery, and the negligence complained of by Hall was that one of these wire ropes broke, causing a log that was being carried to or over the table to strike him, or rather to strike another log, causing it to strike him. So that his whole case turns upon the question whether or not this cable was defective; while the company's defense was that it was not defective or unsafe, and that his own negligence brought about the injury. It will thus be seen that the issues between the parties were very simple.

The errors complained of, as stated by counsel, are: "The court erred to Hall's prejudice in admitting evi-

dence that he was a man who was sometimes negligent about his work; also in permitting the cable boss to answer leading questions as to the condition of the cable and his knowledge of its condition; likewise in not giving the jury some guide as to what kind of contributory negligence would preclude Hall from recovering."

The alleged prejudicial evidence relating to the negligence of Hall was this: Will Young, a witness for Hall, was asked, "You say you worked around Mr. Hall a good deal while he was at work on this skidway? A. Yes; I worked about a week while he was there. Q. During that week did you observe the way in which he performed his work? A. Yes, sir. Q. I will ask you to say whether he was a careful workman or whether he was careless in the way he performed his work. A. He was sorto careless in some things? Q. How? A. A little bit careless in some things." It does not seem to us that this evidence was prejudicial. There was very little of it and it was too indefinite to make any impression or be at all hurtful.

Another error assigned is that the court permitted counsel for the company to ask its witness, the cable boss, leading questions. This cable boss, after testifying at some length concerning the condition of the cables, was asked, "Were there any defects in that cable that were apparent to you?" to which he answered "No." The form of the question was perhaps objectionable, but manifestly this does not amount to anything like a reversible error.

On the subject of contributory negligence the court instructed the jury in the usual form, and this form has been approved in perhaps every case that has come to this court where this question was in issue. It would be, as we think, better practice if the plaintiff in his petition were required to set out at least in a general way the grounds of negligence complained of, and the defendant, in a general way, the acts of contributory negligence he relies on to defeat a recovery. But our rather indefinite system of pleading in this class of cases has been followed so long and is so well understood by the profession that it would create much confusion as well as injustice and delay to make any radical changes in it.

There being no error in the record, the judgment is affirmed.