## PIONEER HARDWOOD CO. v. THOMPSON.

No. 5499.  Opinion Filed October 12, 1915.

Rehearing Denied December 7, 1915.

(153 Pac. 137.)

1. **APPEAL AND ERROR—Presentation for Review—Brief—Refusal of Continuance.** Where, on the day set for the trial of a suit in damages for personal injuries, the cause being at issue, plaintiff amended his petition by making the additional charge that defendant was negligent in failing to provide a belt shifter, contrary to the statute, whereupon defendant, after refiling his answer and plaintiff his reply, moved the court for a continuance supported by affidavit, **held** that the cause will not be reversed on

the ground that the court abused his discretion in refusing to grant the continuance where defendant has failed to set forth in his brief (contrary to rule) his application for continuance so that this court may be informed wherein such discretion was abused.

2.    **MASTER AND SERVANT—Injury to Servant—Direction of Verdict—Evidence—Violation of Factory Act.** Evidence examined, and held to disclose a flagrant violation of the Factory Act (Rev. Laws 1910, sec. 3746), and that the court did not err in refusing to direct a verdict for defendant.

3.    **TRIAL—Instructions—Contributory Negligence—Question—Jury.** In view of Const. art. 23, sec. 6, it is not error for the court to refuse to instruct the jury that if they believe from the evidence certain facts exist, such facts, as a matter of law, would constitute contributory negligence, and they should so find.

(Syllabus by the Court.)

*Error from District Court, Bryan County;*

*Jesse M. Hatchett, Judge.*

Action by R. B. Thompson against the Pioneer Hardwood Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*McPherren & Cochran,* for plaintiff in error.

*Loden & Maberry,* for defendant in error.

TURNER, J.   On September 12, 1912, in the district court of Bryan county, R. B. Thompson, defendant in error, sued Pioneer Hardwood Company, plaintiff in error, in damages for personal injuries alleged to have been theretofore sustained by him while employed in a sawmill owned and operated by defendant at Durant. His petition substantially states that on June 2, 1912, while so employed by defendant, it was his duty to operate a ripsaw, which revolved in a longitudinal slot in the top of a table some five feet long, three feet wide, and three feet high, some four inches of the saw being above and the remainder below the top of the table; that the saw was pro-

pelled by steam and run by belts connecting with shafting beneath the table and a countershaft a few feet away on the floor and with other shafting near the ceiling; that in order to. stop the saw a loose pulley had been provided on the countershaft, upon which to shift the belt running the saw, but that at the time he was injured the pulley was, and had been for some time, to defendant's knowledge, out of repair, and could not be used for that purpose, in consequence of which he was compelled to stop the saw by shifting the belt at the end under the table, by pressing down on it with a stick from the side of the table and underneath the saw, which was unguarded; and that, while so doing, something struck the stick upward and caused his wrist to come in contact with the saw, which severed his wrist and cut off his hand—to his damage in a sum certain.

The specific acts of negligence charged were a failure to provide a guard for the saw and a loose pulley on the countershaft upon which to shift the belt which ran the saw, contrary to Rev. Laws 1910, sec. 3746, which reads:

"The owner or person in charge of a factory or any institution where machinery is used shall provide belt shifters or other mechanical contrivances for the purpose of throwing belts on or off pulley, whenever practicable. All machines shall be provided with loose pulleys and all vats, pans, planers, cogs, gearing, belting, shafting, set screws and machinery of every description shall be properly guarded. No person shall remove or make ineffective any safeguard around or attached to any machinery, vats or pans while same are in use, unless for the purposes of immediately making repairs thereto, and all such safeguards so removed shall be promptly replaced. * * *"

On October 14, 1912, defendant filed answer, in effect a general denial, and pleaded contributory negligence and

assumption of risk. The cause was set for trial on January 20, 1913, at which time plaintiff filed a reply, in effect a general denial. At the same time he filed an amended petition, identical with the original, except it charged that defendant was also negligent in failing to provide a belt shifter, which he alleged was practicable, contrary to the statute aforesaid: After defendant had, in effect, refiled his answer and plaintiff thereto replied by general denial, defendant moved the court to continue the cause, which motion was overruled. Thereupon there was trial to a jury and judgment for plaintiff for $6,000, and defendant brings the case here.

For the reason the uncontroverted testimony discloses that, although plaintiff complained that the loose pulley on the countershaft was so out of repair that it could not be used to shift the belt and stop the saw, and that defendant promised, but failed, to repair it, in consequence of which plaintiff was compelled to use the means he did to shift the belt, and that while so doing, was brought in dangerous proximity to the unguarded saw which caused the injury, the evidence discloses a flagrant violation of the statute in question, and hence there is no merit in the assignment that the court erred in refusing to instruct the jury to return a verdict in favor of defendant.

And plaintiff, though working with knowledge of the violation, did not assume the risk. *Curtis & Gartside Co. v. Pribyl,* 38 Okla. 511, 134 Pac. 71, 49 L. R. A. (N. S.) 471. But it is contended that, inasmuch as the evidence tends to prove that plaintiff knew it was safe or safer to shift the belt with a stick from the end of the table instead of from the side, as he did, the court erred in refusing to instruct the jury:

"You are further instructed that if in the discharge of a dangerous duty an employee voluntarily places himself in a dangerous position unnecessarily, when there is another place that is safer that he could have chosen, and he has time to exercise his judgment, and injury occurs to him by reason of his choice, then he cannot recover for such injury.

"You are further instructed that if you find from the evidence that there was a safe manner in which to shift the belt in question and that if the plaintiff had shifted the belt in that manner he could not have been injured in the manner complained of, and, further, that plaintiff did not shift the belt in a safe manner, but chose to shift the said belt in a manner that was dangerous, and was thereby injured, that in law the plaintiff would not be entitled to recover for any injury he might suffer as the result of his selection of the dangerous manner of shifting the belt.

"And if you believe that the plaintiff attempted to shift the belt on the machine on which he was working from the side of the machine, and that he knew that in such a position he was more unprotected than if he had made the shift from the end of the machine instead, and that by shifting from the end he would have been safe from the saw, while shifting from the side was dangerous, and that the plaintiff voluntarily selected a way which he knew was dangerous instead of the safer way, then the jury shall find for the defendant."

And authority is cited in support of the correctness of the charge. But our Constitution (article 23, section 6), provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

Which means that in this jurisdiction contributory negligence is no longer to be drawn by the court as a con-

clusion of law from the facts found, but is in all cases a conclusion of fact to be drawn by the jury. In other words, the court has no right to tell the jury that if they believe, from the evidence, certain facts exist, such facts, as a matter of law, constitute contributory negligence, and that they should so find. But it is the duty of the court also to leave to the jury the right to draw the ultimate conclusion from the facts, if found, whether or not contributory negligence exists as a matter of fact. As the instruction requested the court to draw such conclusion himself, and not to leave it to the jury, there was no error in refusing to give the charge.

We cannot consider the contention that the cause should be reversed, on the ground that the court abused his discretion in failing to grant a continuance after plaintiff had filed his amended petition, as stated. This for the reason that defendant has failed to set forth in his brief (contrary to rule) his motion for continuance or the substance of it, but invites us to consult the record and ascertain upon what he relies as addressing itself to the discretion of the court, which we decline to do.

There is no merit in the remaining assignments of error.

Affirmed.

All the Justices concur.