## SAND SPRINGS RAILWAY CO. v. WOODS.

No. 10959—Opinion Filed July 3. 1923.

(Syllabus.)

1. **Railroads—Action for Injuries on Interurban Track—Contributory Negligence—Sufficiency of Pleading.**

Record examined, and held, that the defendant's answer was sufficient to raise the issue of contributory negligence.

2. **Same—Defensive Evidence — Erroneous Exclusion.**

In an action by the plaintiff to recover damages for alleged injuries sustained by reason of the defendant's negligence in operating a street car, where it appears from the testimony that the plaintiff was struck by defendant's car while walking on the track of said defendant, and the defendant offered the testimony of the motorman in charge of the car which struck the plaintiff, to the effect that the plaintiff stepped upon the track about 50 feet from the car when it was approaching in the direction the plaintiff was traveling, held, such evidence was competent and material as tending to establish the plea of contributory negligence, and to exonerate the defendant of primary negli-

gence, and that the trial court committed reversible error in excluding such testimony.

Error from District Court, Tulsa County; Redmond S. Cole, Judge.

Action by A. M. Woods against the Sand Springs Railway Company, a corporation, to recover damages for personal injuries alleged to have been sustained by the plaintiff by reason of the negligence of the defendant. Judgment for the plaintiff for $9,-000. Defendant appeals. Reversed and remanded, with directions.

Stuart, Cruce & Bland, Paul P. Pinkerton, and E. J. Doerner, for plaintiff in error.

Moss & Owen and Breckinridge, Bostick & Daniel, for defendant in error.

KENNAMER, J. The defendant in error commenced this action in the district court of Tulsa county, Okla., against the plaintiff in error to recover damages for personal injuries. A trial to a jury resulted in a verdict in favor of the plaintiff, defendant in error, for the sum of $9,000 damages. Motion for new trial was overruled and plaintiff in error, defendant below, prosecutes this appeal. The parties will hereafter be referred to as they appeared in the court below.

The defendant was the owner of a line of railway operating between Tulsa and Sand Springs. The plaintiff was injured on the morning of October 5, 1917, in the city of Tulsa, while he was walking on defendant's railway track, between the rails, by reason of one of defendant's interurban cars hitting him from behind.

The theory of the plaintiff was that he was a licensee on defendant's track. He testified that he was walking down the side of the track, and that about a block before he reached the place where he was injured, he stepped in between the rails and continued to walk on. He also testified that before he stepped between the rails he looked to see if any car was approaching on defendant's track from either direction. He further testified that he did not again look back and that the car which hit him gave no signal or warning of its approach by whistling or otherwise.

On the trial of the case the witness Mayer, the motorman in charge of and operating the car, was asked the following question by defendant's counsel: "How far in front of the car was it this plaintiff came upon the track, if you remember?" An objection to this question was made on behalf of plaintiff and this objection was sustained. Counsel for the defendant then stated that they expected the witness to testify that plaintiff stepped on the track 50 or 60 feet ahead of the car. The objection was made and sustained on the theory that it was an attempt to prove contributory negligence on the part of the plaintiff when the same was not pleaded in the answer. The portion of the answer in which it was sought to plead that plaintiff was guilty of contributory negligence reads as follows:

"For further answer this defendant alleges that if said plaintiff was injured at the time and place as alleged that the same was the result of negligence on the part of said plaintiff, and was the result of want of reasonable care for his own safety on the part of said plaintiff, and that the acts and conduct of said plaintiff contributed to such injury if any such was sustained as alleged, and therefore defendant denies that it would be liable to said plaintiff for any injury as alleged."

No motion to make this allegation of the defendant's answer more definite and certain was filed, and under the authority of Okmulgee Window Glass Co. v. Bright, 65 Okla. 53, 183 Pac. 898, this answer must be held to have sufficiently pleaded contributory negligence to entitle defendant to introduce testimony to establish such a defense.

If the plaintiff stepped upon the track 50 or 60 feet ahead of the car, he could have seen the car by merely turning his head and glancing back. This appears from his own testimony. If he stepped upon the track without looking back, he was clearly guilty of contributory negligence, or if he stepped upon the track and saw the car approaching 50 or 60 feet from him, and he continued on up the track without making any effort to get off, he is guilty of contributory negligence. So that this testimony was clearly competent as tending to prove one of the contentions made by the defendant in the pleadings; that is, that the plaintiff was guilty of contributory negligence.

The question of where plaintiff got on the track was also material on the question of whether or not the defendant was guilty of primary negligence in failing to give him warning of the approach of the car by some signal. If plaintiff was walking down the side of the track and not on it until the car was a few feet behind him, defendant's motorman had a right to assume he would not step on the track into a place of imminent danger, and hence it was not negligent in failing to warn him by whistling or some other signal of its approach. Lusk v. Haley, 75 Okla. 206, 181 Pac. 727; St. Louis, I. M. & S. R. Co. v. Gibson, 48 Okla. 553, 150 Pac. 465.

We think the refusal of the trial court to permit this testimony to go before the jury was error, which may have affected the result of the trial, and that the case should be reversed and remanded for a new trial.

Various other errors are assigned, but in view of the fact that the case must be reversed for the reasons heretofore given, we do not deem it necessary to consider them.

The cause is remanded to the district court of Tulsa county, with directions to grant a new trial.

JOHNSON, C. J., and NICHOLSON, COCHRAN, BRANSON, HARRISON, and MASON, JJ., concur.