## YELLOW TAXICAB & BAGGAGE CO. v. COOKE.

No. 25164.    March 26, 1935.

Dudley, Hyde, Duvall & Dudley, for plaintiff in error.

Hall & Thompson and Gordon Johnston, for defendant in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by R. B. Cooke, defendant in error, plaintiff below, against Yellow Taxicab & Baggage Company, a corporation, plaintiff in error, defendant below. The parties will be referred to as they appeared in the trial court. The plaintiff sought recovery against the defendant for personal injuries sustained by him while a passenger in the taxicab owned and operated by the defendant. The cause was tried to a jury and resulted in a verdict for the plaintiff. From the judgment entered thereon the defendant has appealed.

The plaintiff in his amended petition alleges that he was a passenger for hire on July 1, 1930, in one of the defendant's taxicabs; that while such passenger he suffered certain personal injuries as a result of the negligent operation of said taxicab by the employee of the defendant. The defendant in its amended answer admits its corporate existence and ownership and operation of the taxicab business for hire, and, after a general denial of the remaining allegations of plaintiff's petition, sets up the affirmative defense of contributory negligence. The substance of the defendant's allegations on this score are to the effect that the plaintiff was intoxicated and that such intoxicated condition contributed to the injuries which he received.

The case was first called for trial in October, 1932, at which time the defendant filed its motion for continuance on the ground that the driver of the taxicab, one E. H. Brown, was not able to attend and testify on account of illness, and submitted

the supporting affidavit of R. C. Robinson as an officer of the defendant, as provided by statute, setting out what affiant believed the substance of the missing witness' testimony would be. The plaintiff agreed that the affidavit might be read in evidence as the testimony of the missing witness and a jury was impaneled to try the case. It then appeared that the defendant had failed to plead contributory negligence in its original answer and it asked leave of the court to amend by adding a plea to that effect. Leave was granted and the case was then continued upon application of the plaintiff in order that he might prepare to meet the defense thus pleaded. Subsequently, and on the 27th day of March, 1933, after amended pleadings had been filed, the cause came on for trial and was tried in its regular order. At this subsequent trial, the defendant offered in evidence the affidavit for continuance presented at the former hearing and insisted upon its reception as the testimony of the witness Brown, it appearing that said witness had died since the former hearing. This offer was refused by the court. The defendant assigned this refusal as one of the two assignments of error presented on this appeal.

The affidavit was submitted under section 397, O. S. 1931, which section requires that a motion for continuance on account of the absence of evidence be supported by an affidavit showing among other things the facts the affiant believes the witness will testify to, and that the affiant believes the same to be true. This section of the statutes further provides that, if the adverse party will consent that the affidavit shall be read and treated as the deposition of the absent witness, no continuance shall be granted on the ground of the absence of such evidence. The purpose of the statute is, on the one hand, not to compel a party to go to trial in the absence of a material witness when he has done all that can reasonably be expected of him to procure the attendance of the witness, and, on the other hand, to guard against the abuse of the practice of continuances and procure the speedy determination of pending causes. It appears that the defendant's motion for continuance and affidavit supporting it was offered at the first hearing in this matter and for the purpose of procuring a continuance at that time. The cause was continued on other grounds, and was finally reached for trial five months later. The absent witness Brown, at the time of the first hearing, was ill in a hospital in Oklahoma City. Three months after the first hearing and two months prior to the actual trial of this cause, Brown died. The defendant presents no authorities in support of his argument on this assignment of error. On the other hand, the plaintiff in support of the court's exclusion of the affidavit in question cites the following cases: Padgitt v. Moll, 159 Mo. 143, 60 S. W. 121; Jackman v. St. L. & H. Ry. Co. (Mo. Sup.) 231 S. W. 978; Cutler v. Cutler, 130 N. C. 1, 40 S. E. 689; 13 C. J. 197; 6 R. C. L. 571. These authorities have been examined and reasonably support the action of the court in excluding said affidavit. The defendant's assignment of error on this point must be held to be without merit.

At the time of the submission of this case to the jury, the defendant requested the court below to instruct the jury upon the defense of contributory negligence and offered certain instructions numbered 3, 5, and 6 upon that issue. These instructions were refused by the court and exceptions allowed the defendant. The court then proceeded to instruct the jury and gave no instructions whatever upon the issue of contributory negligence.

This refusal of the trial court is assigned by the defendant as the other of its two assignments of error, and the defendant relies upon the provisions of section 6 of article 23 of the Constitution of this state, which reads:

"The defense of contributory negligence or assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

The defendant strenuously urges that its plea of contributory negligence should have been submitted to the jury under the above-quoted constitutional provision, and that this case should be reversed on account of the refusal of the court so to do.

This court has held in the recent case of Miller v. Price, 168 Okla. 452, 33 P. (2d) 624, as follows:

"1. Section 6, art. 23, of the Constitution, provides that the defense of contributory negligence shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury. Held, that, where the defendant has pleaded contributory negligence, but has introduced no evidence which tends to show contributory negligence on the part of plaintiff, and a review of all the evidence introduced in the case and all inferences which may reasonably be drawn therefrom, permits but one conclusion, which is that no contributory negligence has been shown, in such case the defense of contributory negligence as contemplated in the constitutional provision has not been pre-

sented, and it is error for the trial court to submit to the jury an instruction thereon.

"2. Instructions in all cases should run to the facts and to all proper deductions and interpretations of them, and not to questions not presented or covered by the evidence"

—and the opinion in that case is attacked by the defendant as contrary to the true purpose and intent of the constitutional provisions above quoted and as a deviation from the construction placed upon that provision by previous decisions of this court. It is the contention of the defendant that the issue of contributory negligence must at all times be submitted to the jury on proper instructions, and that the trial courts are without the power not only to determine that the defense of contributory negligence has been established by the evidence, but also to determine that no evidence in support of the defense has been offered.

The defendant contends that the construction placed upon the constitutional provision above quoted in Miller v. Price, supra, is manifestly unfair in that although the trial courts are precluded from determining as a matter of law that the evidence offered on the defense of contributory negligence conclusively establishes the same, yet they are authorized under that decision to determine whether or not there has been any evidence introduced from which contributory negligence may be inferred, and the defendant cites the cases hereinafter analyzed as supporting its view.

It must be borne in mind that a real distinction exists between the power to pass upon the sufficiency or insufficiency of evidence offered to establish a defense and the power to determine whether or not any evidence whatever has been introduced from which the defense may be inferred. The Constitution provides that:

"The **defense** of contributory negligence * * * shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury." (Emphasis ours.)

We are of the opinion that the phrase, "the defense of contributory negligence," as here used, includes not only the formal allegations in the defendant's answer, but also the evidence introduced in support of those allegations; that in order to present "the defense of contributory negligence," the defendant must not only plead the same in his answer but also some evidence must be offered at the trial in support of his plea. We are of the opinion that the mere assertion of the defense in the pleadings without its being supported by some evidence at the trial is not sufficient to constitute the same a "defense" within the meaning of the constitutional provision.

The term "defense" is defined by Bouvier as:

"The means by which the defendant prevents the success of plaintiff's action." Bouvier's Law Dictionary, Rawle's Revision.

It is also defined by Black as:

"That which is offered and alleged by the party proceeded against in an action or suit as a reason in law or fact why the plaintiff should not recover or establish what he seeks; what is put forward to defeat an action. More properly what is **sufficient** when offered for this purpose." Black's Law Dictionary.

"Defense" is also defined in Webster's New International Dictionary as follows:

"The method of proceeding adopted by the defendant to protect himself against plaintiff's action. Originally **defense** meant **denial** in this connection; but about the end of the 13th century the formal denial came to be looked upon as a formal preamble only, and the whole pleading or proceeding was called the defense."

The emphasis portions in these quotations appear in the original text of the authors.

In the case of C., R. I. & P. Ry. Co. v. Beatty, 27 Okla. 844, 116 P. 171, cited by the defendant, on the point here involved, this court said:

"The section of our Constitution as to the defense of contributory negligence extends the rule so as to apply to all parties. The **plaintiff** was entitled to have that fact found by the jury under proper instructions, though there was no conflict in the evidence thereon." (Emphasis ours.)

In the case of St. L. & S. F. Ry. v. Long, 41 Okla. 17, 137 P. 1156, cited by the defendant, a verdict was rendered for the plaintiff under instructions on contributory negligence given by the trial court. The defendant predicated error on the refusal of offered instructions and the statements contained in the given instructions relating to contributory negligence. It was there held that the instructions given properly stated the law, and this court said:

"Each and all of the instructions refused and given in which the defendant contends there was reversible error, except the first and sixteenth instructions refused, relate to the defenses of contributory negligence or of assumption of risk."

In the case of Pioneer Hardware Co. v. Thompson, 49 Okla. 502, 153 P. 137, cited

by the defendant, a verdict was returned for the plaintiff. The defendant offered defense of contributory negligence and assumption of risk, and requested certain instructions on this defense, which were refused. That refusal was assigned as error, and this court there said that article 23, section 6, of our Constitution—

"means * * * contributory negligence is no longer to be drawn by the court as a conclusion of law from the facts found, but is in all cases a conclusion of fact to be drawn by the jury. In other words, the court has no right to tell the jury that if they believe from the evidence certain facts exist, that such facts, as a matter of law, constitute contributory negligence, and that they should so find. But it is the duty of the court to also leave to the jury the right to draw the ultimate conclusion from the **facts if found** whether or not contributory negligence exists as a matter of fact." (Emphasis ours.)

In the case of St. L. & S. F. Ry. Co. v. Boush, 68 Okla. 301, 174 P. 1036, cited by the defendant, this court said:

"The court has not the power to refuse to submit the issue (contributory negligence) under proper instructions when requested, because he is of the opinion that the **facts proven,** if true, do not, as a matter of law, constitute contributory negligence, or are insufficient to support a verdict for defendant on that issue." (Emphasis ours.)

This decision is most strongly relied upon by the defendant, yet it clearly defines the powers of the trial court in passing upon the **facts proven,** and precludes him from instructing the jury upon the sufficiency or insufficiency of such evidence so proven. This case is not authority for the proposition that the court must submit the issue of contributory negligence although no facts have been attempted to be proved and no evidence offered thereon.

In the case of C., R. I. & P. Ry. Co. v. Zirkle, 76 Okla. 298, 185 P. 329, cited by the defendant, a verdict was returned for the plaintiff. It was urged by the defendant that "the deceased was guilty of contributory negligence as a matter of law," and this court held that this assignment of error was without merit under the constitutional provisions above quoted.

In the case of Von Keller v. Ream, 93 Okla. 179, 220 P. 330, cited by the defendant, the court instructed the jury in effect to compare the negligence of the parties plaintiff and defendant and return a verdict based upon the results of such comparison. This court said:

"The doctrine of comparative negligence does not obtain in this state. * * * It is unnecessary to make further mention of the other assignments of error"

—and reversed and remanded the case for new trial.

In the case of Gourley v. Oklahoma City, 104 Okla. 210, 230 P. 923, cited by the defendant, which was an action for personal injuries in which the defendant interposed the defense of contributory negligence, a verdict was returned for the defendant and plaintiff assigned as error the refusal of the court to direct a verdict for the plaintiff and the giving of certain instructions by the court on contributory negligence. This court there held that "under the issues of contributory negligence raised in the case by the answer of the defendant, * * * **and the evidence introduced,** under section 6, article 23, of the Constitution," the trial court did not err in refusing to direct a verdict for the plaintiff, and further that the instructions given on this defense were proper. (Emphasis ours.)

The case of Midland Valley R. Co. v. White, 109 Okla. 60, 234 P. 762, cited by defendant, was an action for personal injuries, which resulted in a verdict for plaintiff. The defendant assigned as error the giving of certain instructions on contributory negligence. This court there said:

"The Constitution has made the question of contributory negligence one of fact for the jury. In determining this question * * * the test to be given the jury is, whether the plaintiff acted as a reasonably prudent person would have done under all the circumstances and conditions. The error in this instruction * * * is the act of the court in making a certain given statement of facts the test"

—and for that error the court reversed the case.

The case of Cleveland v. Stanley, 155 Okla. 272, 9 P. (2d) 10, cited by defendant, was an action for personal injuries which resulted in a verdict for the plaintiff. The assignments of error were presented under two propositions: First, that the evidence was insufficient to establish primary negligence; second, that the plaintiff was clearly guilty of contributory negligence. On the second proposition this court said:

"The question of whether plaintiff was guilty of contributory negligence was submitted to the jury by the court under instructions not objected to by defendants. The verdict of the jury is binding upon all on this question and is made so by section 6, article 23, of the Constitution."

From a careful examination and analysis of the above cases cited by the defendant in support of its second proposition, it appears that each of the cases cited was decided upon other grounds. In none of these cases has this court announced the rule contended for by the defendant, namely, that the issue of contributory negligence when pleaded must be submitted to the jury notwithstanding a total absence of evidence in support thereof.

On the other hand, in our opinion, there is nothing in any of these cases which is contrary to the rule announced in Miller v. Price, supra. We concede the rule to be, as established by all these authorities, that if any evidence is offered tending to show contributory negligence, or from which an inference of contributory negligence might reasonably be drawn, the "defense" as contemplated by the Constitution has been presented, and the question as to whether or not the evidence so introduced is sufficient or insufficient to establish the defense must at all times be left to the jury. The courts have no power to determine the question of the sufficiency of the evidence offered, but they are not required to submit the question of such sufficiency to a jury where no evidence whatever has been offered. We cannot concede that a mere statement in the answer charging the plaintiff with contributory negligence without more entitles the defendant to have that question submitted to the jury. We see no insuperable conflict between the cases cited by plaintiff in error and the rule announced in Miller v. Price, supra.

There remains only to be seen whether any evidence was offered in the case at bar in support of the defendant's plea of contributory negligence. The contributory negligence charged by the defendant is, in effect, that the plaintiff was in a state of intoxication at the time the injury occurred, and that such condition was a contributory cause of the injuries complained of by him. The defendant admits in its brief that the most favorable testimony in the entire record upon the charge of intoxication was elicited from the plaintiff himself upon cross-examination. In this cross-examination, the plaintiff testified that he drank a quarter of a pink of whisky in two drinks, 30 minutes apart, prior to calling the defendant's taxicab. We do not think any presumption of intoxication can arise from this testimony. The effects of alcoholic liquors upon different persons and upon the same person at different times vary widely, and, in the absence of other testimony to show the actual condition of the plaintiff, we are unable to see that sufficient proof has been offered to establish his intoxication. However, even though it be conceded for the purposes of the defendant's argument that the plaintiff was actually intoxicated at the time of the injury, we are unable to find any authorities to support the view that a presumption of contributory negligence arises from the mere fact of intoxication. In our opinion, we think some evidence is necessary to show a causal connection between the intoxicated condition and the injury, and that it cannot be assumed that because the injured person was intoxicated, such condition contributed in any way to his injury in the absence of evidence to that effect. The defendant in its brief points out no such evidence, and after a careful examination of the record in this case we are unable to find any such evidence. Since it does not appear that any evidence was offered at the trial of this case in support of the defendant's charge of contributory negligence, the court below did not err in refusing to instruct the jury upon that issue. The defendant's petition in error sets up 13 separate assignments of error, but in its brief it presents only the two assignments hereinabove discussed. The remaining assignments of error, not having been presented in the brief and no authorities submitted thereon, must be considered to be waived. Since we have found the two propositions presented to be without merit, the judgment of the court below must be affirmed.

The Supreme Court acknowledges the aid of Attorneys A. W. Trice, G. M. Barrett, and R. H. Stanley in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Trice and approved by Mr. Barrett and Mr. Stanley, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.