## BLOSSOM HEATH OPERATING CO. v. PIPKIN.

No. 25809. Nov. 24, 1936.

Rehearing Denied Jan. 9, 1937.

T. G. Chambers, Jr., for plaintiff in error.

Nowlin & Conner, for defendant in error.

McNEILL, C. J. The sole controversy for our determination is whether defendant below pleaded and proved contributory negligence.

Defendant in error, plaintiff in the trial below, brought this action of tort to recover damages against Blossom Heath Operating Company, a corporation, for certain injuries which plaintiff alleged she sustained as a result of defendant's negligence. Plaintiff alleged, in substance, that defendant and its employees permitted intoxicated patrons to dance on the pavilion floor and that two such

persons ran into and knocked her down while she was dancing as a guest with paid admission at the advertised entertainment and dance given by defendant. The defendant filed an answer by way of general denial, and further specifically alleged:

"For further answer the said defendants allege that any injuries sustained or suffered by the said plaintiff, or on the occasion in the complaint referred to, were caused in whole or in part, or where contributed to, by the negligence and want of care of the said plaintiff."

The cause was submitted to a jury on the primary negligence of defendant. The trial court refused to instruct on the question of contributory negligence. In this we think there was error. Judgment was rendered in favor of plaintiff in the sum of $1,000. This appeal has been perfected and the defendant below, plaintiff in error herein, challenges as error the refusal of the trial court to instruct the jury on the question of contributory negligence. Defendant contends that it sufficiently pleaded the defense of contributory negligence; and that there was sufficient evidence on that question to submit the issue to the jury. Relevant to that question defendant urges that the evidence showed that the plaintiff was dancing on the occasion in question with a drunken partner in the wrong direction and into the oncoming dancers and that she tripped herself; that the plaintiff's injuries were sustained on account of her own conduct.

It is the theory of the plaintiff that the answer did not allege any facts or acts of negligence upon the part of plaintiff; that it pleaded negligence in general terms; that it pleaded no more than a conclusion, and for that reason was fatally defective. In support of this contention the following case is cited: Colonial Refining Co. v. Lathrop, 64 Okla. 47, 166 P. 747. Plaintiff also urges that "if acts had been charged as negligently committed or omitted by plaintiff, the plea would still not constitute a plea of contributory negligence, because it pleaded in substance that such conduct of the plaintiff caused the accident without any negligence on the part of the defendant."

In support of that proposition are cited the following cases: Colonial Refining Co. v. Lathrop, supra; Enid City Ry. Co. v. Weber, 32 Okla. 180, 121 P. 235; Armstrong v. Green, 113 Okla. 254, 241 P. 789; Pullen v. City of Butte (Mont.) 99 P. 290; C., R. I. & P. Ry. Co. v. Barton, 59 Okla. 109, 159 P. 250; Yellow Taxicab & Baggage Co. v. Cooke, 171 Okla. 269, 42 P. (2d) 826; Oklahoma City v. Hayden, 169 Okla. 502, 37 P. (2d) 642; Miller v. Price, 168 Okla. 452, 33 P. (2d) 625.

Plaintiff also contends that had defendant properly pleaded contributory negligence, there was no evidence supporting said issue to justify its submission to the jury, and in support of this proposition cites the following cases: Yellow Taxicab & Baggage Co. v. Cooke, supra.; Oklahoma City v. Hayden, supra; Miller v. Price, supra.

It is settled law that there cannot be any contributory negligence by a plaintiff except in those cases where the injury has resulted from the negligence of defendant as a concurring proximate cause. In the instant case there was no motion made by the plaintiff to require the defendant to make its plea of contributory negligence more definite and certain, and in the absence thereof defendant, plaintiff in error herein, relies upon the following cases: Okmulgee Window Glass Co. v. Bright, 65 Okla. 53, 183 P. 898; Sand Springs Ry. Co. v. Woods. 95 Okla. 179, 217 P. 363; Gourley v. Oklahoma City, 104 Okla. 210, 230 P. 923. However, plaintiff counters that the cases of Okmulgee Window Glass Co. v. Bright and Sand Springs Ry. Co. v. Woods, supra, should be disapproved to the extent that there may be no apparent conflict in the prior decisions of this court.

We consider it unnecessary to overrule the rule of law announced as applicable to the facts in those cases. The answers which were filed were not models in the matter of pleading, although such answers substantially alleged that plaintiff was guilty of contributory negligence and that such negligence, concurring with the negligence of the defendant, was the proximate cause of the injury complained of.

In the case at bar a general denial was filed to the answer. However, the plea of contributory negligence is indefinite and uncertain in that it did not allege facts upon which the conclusion of contributory negligence was predicated, but plaintiff could have assailed the plea by a motion to make more definite and certain. That was not done. We hold the plea sufficient to raise the issue of contributory negligence. The rule of law announced in Bancroft's Code Pleading, vol. 1, page 453, is as follows:

"Conformable to the principles which govern the pleadings of negligence generally, it is settled, at least in the absence of a motion to make more definite and certain, that contributory negligence may be charged in general terms. * * *"

In 45 C. J., sec. 699, page 1120, the author states:

"(Sec. 699) (b) General Averment. In some of the jurisdictions which require it to be specially pleaded, contributory negligence may be alleged in general terms without specifying the acts or omissions which constitute it.

"As Against Objection. In these jurisdictions a general allegation of contributory negligence is good as against a general demurrer, and unless objected to by a special demurrer, or by a motion to make more definite and certain. And even in jurisdictions in which contributory negligence is generally required to be specifically alleged, a general averment thereof is sufficient unless objection is made thereto before trial, such as by demurrer, or by a motion to make more definite and certain, especially where the general allegation is sufficient to advise the plaintiff of defendant's intention to insist on that issue on the trial. * * *"

In this connection see Kirkland v. Atchison, T. & S. F. Ry. Co., 104 Kan. 388, 179 P. 362; Chicago, B. & Q. R. Co. v. Oyster, 58 Neb. 1, 78 N. W. 359; Jensen v. Logan City (Utah) 57 P. 708; Brinson v. City of Mulberry (Fla.) 139 So. 792; Robinson v. Ocean S. S. Co. of Savannah, Ga., 147 N. Y. S. 310; H. L. Elliott Jobbing Co. v. Chicago, St. P., M. & O. Ry. Co. (Minn.) 161 N. W. 390; Chesapeake & O. R. Co. v. Smith (Ky.) 39 S. W. 832; Hall v. Mengel Box Co. (Ky.) 169 S. W. 985.

In the case of Chicago, B. & Q. R. Co. v. Oyster, 58 Neb. 1, 78 N. W. 359, the Supreme Court of Nebraska said:

"* * * This court, in harmony with the decisions in other jurisdictions, has decided that a general allegation of negligence in a petition is sufficient as against a demurrer. Railroad Co. v. Wright, 49 Neb. 456, 68 N. W. 618. And, by a parity of reasoning, a general averment in an answer charging contributory negligence on the part of plaintiff is good, unless assailed by a motion to make more definite and certain. In the case at bar the answer, in general terms, as we have already seen, pleads that the negligence of plaintiff's intestate contributed to the injury, and but for which the accident would not have occurred. The answer not having been assailed by motion, it must be held sufficient to raise the defense of contributory negligence. * * *"

In view of the foregoing authorities and the fact that a reply was filed to the answer, we are of the opinion that it was prejudicial error for the trial court to refuse to instruct the jury on the defense of contributory negligence. The cause is reversed and remanded, with directions to grant a new trial.

OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. RILEY and PHELPS, JJ., absent.