## BOWRING v. DENCO BUS LINES, Inc., et al.

No. 31493. Sept. 25, 1945.

*162 P. 2d 525.*

Gomer Smith, of Oklahoma City, for plaintiff in error.

Cruce, Satterfield & Grigsby, of Oklahoma City, for defendants in error.

HURST, V.C.J. The plaintiff Bowring sued Denco Bus Lines, Inc., Cina Sims, and Highway Insurance Underwriters, Inc., to recover damages for personal injuries. Denco was owner and operator of a bus line, Sims was the driver of the bus involved, and Highway Insurance Underwriters was the insurance carrier for Denco. From a verdict and judgment in favor of defendants, the plaintiff has appealed.

The plaintiff was an employee of a filling station at Chickasha at the time the injuries complained of were sustained. Sims drove the bus into the filling station to have a tire changed. While plaintiff was changing the tire, Sims raised the turtle back door on the bus to get a wrench. He left the turtle back door open, and in some way it later fell injuring plaintiff's neck and head. The acts of negligence charged are (1) that the hinge catch on the turtle back door was worn, loose, defective and dangerous, that it had been in such defective condition for more than a month, that Sims should have known of its condition, that defendants failed to repair it or keep it in repair; (2) that they failed to warn plaintiff of its defective condition; and (3) that Sims failed to securely fasten the turtle back door up with the catch or to prop it up when he opened it.

1. Plaintiff argues that the defendants did not sufficiently plead contributory negligence, and that the trial court committed error in submitting that issue to the jury.

The defendants' answer consisted of a general denial, an allegation that the plaintiff's injury was the result of his own negligence, and that if they were negligent as alleged, "the negligence and carelessness of plaintiff contributed

1

to that of defendants, without which the injury would not have been sustained." The plaintiff filed no motion to make this general allegation of contributory negligence more definite and certain. The allegation was sufficient to raise the issue of contributory negligence. See Blossom Heath Operating Co. v. Pipkin, 178 Okla. 617, 63 P. 2d 982, and cases there cited.

2. Plaintiff argues that no evidence was introduced tending to establish the defense of contributory negligence, and that consequently for that additional reason it was error to submit the issue to the jury.

There was evidence that the catch on the turtle back door was not defective and that it could be closed only by raising it and tripping the lever or catch that held it up, and that the plaintiff was the only person near it when the accident occurred. While the plaintiff denied that he struck the turtle back door or the catch, the jury had a right to consider his interest and weigh his testimony against the inference that he did cause the turtle back door to fall and to resolve the issue. We are of the opinion, and hold, that the evidence, though circumstantial, was sufficient to submit the issue of contributory negligence to the jury. Marland Refining Co. v. Snider, 120 Okla. 116, 251 P. 989.

3. Plaintiff's propositions 4 to 20, both inclusive, relate to the alleged error of the court in giving the instructions.

a. Plaintiff complains of instructions Nos. 2, 4, 6, 10, 12, 13, 14, 15, 16, and 20 because they related to the issue of contributory negligence, some defining the term and some limiting plaintiff's right to recover if he was injured "while he was exercising ordinary care for his own safety." The contention is that the issue of contributory negligence was not made by the pleadings or the evidence, and for that reason it was error to instruct on it. We have disposed of this contention by what we have said above. Furthermore, the plaintiff requested an instruction on the issue of contributory negligence. It follows that there is no merit in this contention.

b. By instruction No. 3, the court told the jury that plaintiff, by reply, denied the affirmative allegations of the answer. True, plaintiff filed no reply, but the error was harmless, and, in fact, was favorable to plaintiff in view of the fact that the affirmative defense of contributory negligence was an issue in the case.

c. Plaintiff complains of instruction No. 17 because it refers to the negligence charged against defendants as being "in operation of their bus," and of instruction No. 18 in which the jury was told that defendants would not be liable if they "exercised ordinary care to maintain and operate said bus in a reasonably safe condition." The complaint is that the negligence charged was not in the "operation" of the bus and that these instructions were misleading and not within the issues. We do not agree. The liability of the insurance company was predicated upon negligence in the "operation, maintenance or use" of the bus, and the liability of Sims was predicated upon the fact that he was the "operator" of the bus. We find no merit in this contention.

d. Plaintiff complains of instruction No. 19, wherein the jury was told (1) that defendants were not insurers of the safety of the plaintiff, (2) that they were not required to use on the bus the safest, newest, most modern and best equipment on the market, (3) that the fact that other busses may have a different type of catch should not be considered in determining whether defendants were negligent, and (4) that if the "defendants conformed to the common usages of the business in which they were engaged, and used a catch of a type commonly used by other bus companies," they would not be guilty of negligence in that regard. Plaintiff's main objection is to the last two statements, (3) and (4).

There was evidence offered by the defendants tending to establish that the catch used on the bus in question was

the one customarily used on busses. The plaintiff introduced evidence tending to establish that a safer and newer catch was in use on some busses.

The applicable rule that seems to be followed by the majority of the courts is stated in 38 Am. Jur. at page 680, as follows:

"Although there is considerable uncertainty in some of the decisions as well as some authority directly in conflict, the rule which has been supported generally by most of the authorities and which appears to be sound is that conformity to custom is not in itself the exercise of due care. The weight of authority supports the view that since negligence is the failure to do that which an ordinarily prudent man would do, or the doing of that which an ordinarily prudent man would not do, under the same circumstances, an ordinary custom, while relevant and admissible in evidence on the issue of negligence, is not conclusive, especially where the custom is clearly a careless or dangerous one. What usually is done may be evidence of what ought to be done, but in the last analysis, what ought to be done is fixed according to the standard of the ordinarily prudent man, whether it is customary to comply with that standard or not."

See, also, 45 C. J. at page 707.

However, in Powell v. Durant Milling Co., 192 Okla. 402, 136 P. 2d 904, this court stated the rule as follows:

"In an action for wrongful death of an employee against the employer, where the uncontradicted evidence shows that the standard of duty of such employer toward the employee with reference to safe place to work, safe tools, and safe appliances is fixed by law, custom, or usage, and that such duty has been performed, sustaining defendant's motion for directed verdict on the issue of negligence does not constitute error."

But, whether we follow the majority rule, in view of the evidence of the existence of more improved equipment, or the rule in the Powell case, it does not follow that the giving of the instruction constituted reversible error. The plaintiff did not predicate his case on negligence in the kind of catch used but on the use of a worn and defective catch. Most of the evidence related to the question of whether the catch was defective and unsafe by being worn and loose. The court, in other instructions, told the jury that the duty of the defendants was to exercise reasonable or ordinary care, and it properly defined "ordinary care." When the instructions are considered as a whole, we believe the jury was not misled by this instruction.

e. The plaintiff complains of instruction No. 20, wherein the jury was told that the defendants would not be liable if they exercised ordinary care to keep the bus in a reasonably safe condition. He says there was no issue on the condition of the bus but only on the condition of the hinge catch. The objection is highly technical and the jury was not misled by the instruction.

f. The plaintiff complains of instruction No. 22, submitting the question of unavoidable accident. The objection is that such issue was not raised by the pleadings or evidence. Each of the parties introduced evidence reasonably tending to prove lack of negligence on his or their part.

In this connection, the plaintiff says that the principle expressed by the phrase res ipsa loquitur applies, since the defendants were in control of the thing causing the injury. But the plaintiff alleged and relied upon specific acts of negligence and introduced evidence tending to establish such acts. He made no general allegation of negligence. The defendants introduced evidence from which it could be inferred that plaintiff's contributory negligence caused the turtle back to fall. Under these circumstances we do not believe the doctrine of res ipsa loquitur applies and that the court should have instructed on such doctrine, and the plaintiff cites no authorites that are in point under similar facts. The court properly told the jury that the mere happening of the accident was not proof of negligence. See E. S. Billington Lumber Co. v. Cheatham, 181 Okla. 402, 74 P. 2d

120; 45 C.J. 1206, 1225, Negligence, §§774, 786; 38 Am. Jur. 1001, §305.

There was no prejudicial error in giving the instruction. Burton v. Harn, 195 Okla. 232, 156 P. 2d 618.

g. Finally, it is argued that the instructions are so contradictory and complicated that no one can know on what issue or by what rule of law the jury reached its verdict. We think this objection is without substantial merit. We have long been committed to the rule, and have many times held, that all the law need not be contained in one paragraph, that the instructions must be viewed as a whole, and that, when so considered, they are sufficient if they fairly state the issues and are not misleading, and this is so though single paragraphs, when detached from the remainder of the instructions, are subject to criticism. Grant v. Milam, 20 Okla. 672, 95 P. 424; A & A Cab Operating Co. v. Mooneyham, 193 Okla. 238, 142 P. 2d 974; West's Okla. Digest, Trial, §295. This rule is enjoined upon us by our harmless error statutes, 12 O. S. 1941 §§ 78, 636, and 22 O. S. 1941 §1068. When the instructions are considered as a whole, in the light of these rules, we think the errors in the instructions complained of do not justify a reversal. The issues made by the pleadings and evidence were whether the turtle back catch was defective so as to make the owner and operator of the bus guilty of negligence and the insurance company liable under its policy, and whether, if so, the plaintiff was guilty of contributory negligence. These issues were fairly covered by the instructions, when viewed as a whole.

Affirmed.

GIBSON, C.J., and RILEY, OSBORN, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.