**CASHMAN**

v.

**TULSA CITY LINES, Inc. et al.**

No. 35920.

Supreme Court of Oklahoma.

Jan. 19, 1954.

T. Austin Gavin, Tulsa, for plaintiff in error.

Truman B. Rucker, B. W. Tabor, Joseph M. Best, Tulsa, for defendants in error.

ARNOLD, Justice.

Mary Cashman brought this action in the District Court of Tulsa County alleging that she had sustained severe personal injuries while alighting from a bus owned and operated by Tulsa City Lines by reason of the negligence of the driver of said bus in starting said bus before she had safely reached the pavement, throwing her out of the bus and onto the ground.

Defendant bus line filed its general denial and alleged that the accident and plaintiff's resulting injuries occurred by reason of her contributory negligence in failing to keep a proper lookout for her own safety while alighting from the bus, in permitting her coat to drag on the bus steps causing her to trip and fall, and in failing to hold onto the handrail while alighting.

At the close of the evidence the court, among other things, gave an instruction on contributory negligence. Verdict of the jury was for defendant and judgment was entered thereon. Plaintiff appeals here making the sole contention that the court erred as a matter of law in giving an instruction on contributory negligence inasmuch, she says, no contributory negligence on her part was proved.

Pertinent to this single issue the evidence of plaintiff shows nothing that smacks of contributory negligence. The evidence of defendant shows that at the hospital where plaintiff was taken immediately after her fall she told the investigating police officers that she had "misjudged her footing" and at the time of her fall the bus was standing still; that she told the driver of the bus immediately after her fall that she had "misjudged her step"; that the bus did not move until after her fall; that plaintiff had hold of the handrail as she started to alight from the bus, had taken one step down, then seemed to miss her footing and fell forward out of the bus alighting on her left shoulder and side.

Plaintiff contends that this evidence does not support any of the specific acts of contributory negligence alleged by defendant. It is true that there is no evidence that plaintiff tripped on her coat or

that she failed to use the handrail. However, the evidence of defendant that she said she "misjudged her step" in alighting from the bus is sufficient to raise the question of whether she did in fact keep a proper lookout for her own safety by watching where she was stepping in alighting from the bus. This was a question of fact for the jury and was submitted to it under a proper instruction. See Yellow Taxicab & Baggage Co. v. Cooke, 171 Okl. 269, 42 P. 2d 826. The case of Miller v. Price, 168 Okl. 452, 33 P.2d 624, is not in point here.

Affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, O'NEAL, WILLIAMS, and BLACKBIRD, JJ., concur.