## WARREN v. LAYMAN et al.

### No. 35770.

Supreme Court of Oklahoma.

Feb. 9, 1954.

Rehearing Denied March 9, 1954.

B. C. Franklin, Waldo E. Jones, Amos T. Hall, Tulsa, for plaintiff in error.

Rucker & Tabor, Thomas L. Palmer, Tulsa, for defendants in error.

O'NEAL, Justice.

For brevity, the parties herein will be designated as they appeared in the trial court, plaintiff in error as plaintiff, and defendants in error as defendants.

Upon issues joined, the jury returned its verdict in favor of the defendants. From the overruling of plaintiff's motion for a new trial, the appeal is properly lodged in this court.

The plaintiff's cause of action is based upon the alleged negligence of defendants, re-

sulting in the injuries to plaintiff for which she seeks to recover a money judgment.

Plaintiff's petition substantially alleges that defendants entered into a contract with the State Highway Department of Oklahoma, for the construction of an asphaltic concrete roadway from the intersection of U. S. Highway No. 75, referred to as the Garnett Road, thence running East on State Highway No. 33, for a distance of one mile; that defendants had thrown up a pile of dirt about 5 feet high across Highway No. 33, near its juncture with Highway No. 75, the Garnett Road; that on the 8th day of May, 1951, plaintiff was a guest in her father's automobile which was being operated in a westerly direction on Highway 33 as it approached the intersection with Highway 75, at which point the automobile ran into the dirt embankment causing the injuries complained of. Plaintiff alleges that she did not know Highway 33 was under construction; that the highway was open to public travel and there were no warning signs from the east approach of the intersecting Highways 75 and 33; that defendants left concrete blocks on the highway and there were large holes in the roadbed and that the dirt pile into which the car in which plaintiff was riding was unlighted and unguarded, and that said enumerated acts of negligence caused the accident, injury and damage to plaintiff.

Defendants denied generally and specifically the allegations of plaintiff's petition and alleged that the accident occurred through no fault of the defendants, and alleged that the negligence of the plaintiff cooperated and commingled with the negligence of the defendants, if any, to cause the injuries to plaintiff and that said contributory negligence consisted of the following particulars, to wit:

(a) In failing to use such care and caution for her own safety as a reasonable and prudent person would use under the same or similar circumstances.

(b) In failing to warn or caution the driver of the automobile in which she was riding that he was proceeding along the road that was under construction, while the same was plainly marked and well known to this plaintiff. . .

(c) In failing to remonstrate or caution the driver of the automobile in which this plaintiff was riding that he was driving at an excessive rate of speed under circumstances then and there existing, to wit, on a road that was under construction.

(d) In failing to caution the driver of the automobile in which she was riding that they were approaching a culvert that was under construction, and that the same was well marked with flares and its presence was well known to this plaintiff.

Plaintiff moved to strike the foregoing allegations a, b, c, and d from the defendant's answer, and also demurred to paragraph 3 thereof, which incorporated said subparagraphs a, b, c and d of defendant's answer. The motion and demurrer was overruled and upon trial a verdict was returned for defendants upon which judgment was entered.

Plaintiff contends here that the court erred in refusing to strike subparagraphs a, b, c and d in paragraph 3 from the defendant's answer, and erred in overruling her demurrer to said paragraph of the answer, upon the ground that said allegations did not plead facts to sustain defendants' plea of contributory negligence. Plaintiff contends specifically that the allegations of contributory negligence were insufficient in "that nowhere had defendants pleaded that whatever plaintiff did, or did not do immediately before the accident was the proximate cause of the injury she sustained, and so forth."

In support of the specification of error, plaintiff cites cases from the states of Ore., Va., and Mass., which in effect hold that the particulars of contributory negligence must be pleaded as fully as plaintiff is required to plead the primary negligence of the defendant. As we view defendants' answer they adequately pleaded specific acts of contributory negligence which if sustained by the proof warrants the verdict and the judgment rendered thereon. We are not cited to any authority which sustains plaintiff's contention that "it was ab-

solutely necessary for the defendants to allege that not only was the plaintiff guilty of contributory negligence, but to go a step further and allege that said contributory negligence on the part of the plaintiff was the proximate cause of the injury she sustained, if any, which they failed to do."

A like contention was made by the defendants in the case of Clanton v. Chrisman, 174 Okl. 425, 51 P.2d 748, 749. The court's instruction there advised the jury that if they found that plaintiff had established the fact of negligence as enumerated, that plaintiff should recover. The instruction there complained of did not contain the further advice that such negligent acts must be shown to be the "proximate cause" of the negligence alleged. We there said:

"It will be seen from the foregoing that the court gave to the jury the contention of the plaintiff, and instructed that, if the jury believed that state of facts had been sufficiently proved, the verdict should be for the plaintiff. Undoubtedly, the court should have further instructed the jury that it must believe the things enumerated constituted negligence, and that such negligence was the proximate cause of injury to the plaintiff."

In the case of Bowring v. Denco Bus Lines, 196 Okl. 1, 162 P.2d 525, 526, the plaintiff there contended that the allegations of the defense of contributory negligence were insufficiently stated. In the opinion it is said:

"The defendants' answer consisted of a general denial, an allegation that the plaintiff's injury was the result of his own negligence, and that if they were negligent as alleged, 'the negligence and carelessness of the plaintiff contributed to that of defendants, without which the injury would not have been sustained.' The plaintiff filed no motion to make this general allegation of contributory negligence more definite and certain. The allegation was sufficient to raise the issue of contributory negligence. See Blossom Heath Operating Co. v. Pipkin, 178 Okl. 617, 63 P.2d 982, and cases there cited."

Moreover, as shown by the record, after plaintiff's motion to strike defendants' plea of contributory negligence was overruled, plaintiff failed to avail herself of the opportunity to interpose a motion for a more definite statement of defendants' plea of contributory negligence.

In Sand Springs R. Co. v. Woods, 95 Okl. 179, 217 P. 363, we held that where no motion to make more definite and certain was filed, the answer must be held to have fully pleaded contributory negligence to entitle defendant to introduce testimony to establish such a defense.

The trial court in Instruction No. 7 advised the jury that contributory negligence, as used in these instructions, is such an act or omission on the part of the plaintiff which amounted to a want of ordinary care on her part, and which, concurring or cooperating with the negligence, if any, of the defendants, is the proximate cause or occasion of the injury complained of. If you find from the evidence that the plaintiff failed to use such ordinary care, and such failure on plaintiff's part, contributed in any degree to said plaintiff's injuries as the proximate cause or occasion thereof, then your verdict must be for the defendants. It is thus clear to us that the ruling of the court to strike paragraph 3 of defendants' answer and its ruling on plaintiff's demurrer thereto, under the circumstances here presented, was correct.

■ Plaintiff further contends that the court erred in submitting the question of plaintiff's contributory negligence to the jury; that contention can only be sustained if there is an absence of any competent evidence to establish defendants' plea of contributory negligence, for if there is any evidence of contributory negligence, or from which contributory negligence may be inferred or presumed, that issue must be resolved by the jury. The mandate of our Constitution compels this disposition of the case. Article 23, § 6. The general rule is aptly expressed in Miller v. Price, 168 Okl. 452, 33 P.2d 624, 628, as follows:

"If there is any evidence of contributory negligence or from which contributory negligence may be inferred or

presumed, it is plain that under proper pleadings it is the duty of the court to submit the issue to the jury. Conversely, if there is no evidence of contributory negligence, or from which tributory negligence may be inferred or presumed, then there is no defense of contributory negligence, and the submission of such issue to the jury will tend to create confusion in the minds of the jury and to obscure the real issues involved."

■ For a proper conclusion we must examine the evidence of the plaintiff, as well as the evidence of the defendant, for a determination of the question as to whether or not there was sufficient evidence presented upon the plea of contributory negligence to warrant the verdict and judgment rendered thereon.

Plaintiff's evidence tends to establish that she observed a carpenter's bench or saw horse on Highway 33 near the juncture of said Highway with Highway 66, but that she saw no lights at that point; that when the automobile arrived at the juncture of Highway 33, with the Garnett Road, that her father applied the brakes to the car and that immediately thereupon the car ran into the dirt embankment.

On cross-examination the plaintiff stated that she did not see a barricade at a point in the middle of the road about one mile east of where the accident occurred, nor did she see any flares or pots burning at that point. She further stated that she did not see a barricade immediately east of the pile of dirt at the intersections of Highway 33 and the Garnett Road, or that there were two burning pots in front of the barricade, and that she did not see a number of flares or burning pots on top of the pile of dirt.

After the accident plaintiff and her father were taken to a hospital in Tulsa, Oklahoma and were interviewed by a Highway Patrolman as to the circumstances of the accident, but plaintiff did not recall that her father told the Highway Patrolman that plaintiff, his daughter, was driving the car when the accident occurred.

A witness who lived 600 feet north of the intersection of Highway 33 and the Garnett Road, took plaintiff and her father to the hospital, and this witness stated that on the way to the hospital plaintiff's father told the witness that there was some whiskey in the car but he hoped nobody would get the impression that they were under the influence of liquor. This witness, upon returning to the scene of the accident, observed skidmarks extending 55 feet in length and that the front wheels of the car were driven back under the frame and into the dirt embankment.

A traffic director of the City of Tulsa, and another witness, a city traffic engineer of the City of Tulsa, testified as expert witnesses and gave their understanding of the minimum requirements in the erection of barricades and flares necessary for the safety of vehicles on said Highway; they testified that the Oklahoma State Highway Commission's Manual of Safety does not require a night watchman to be on duty to warn motorists that a road is closed for repair.

The defendants produced witnesses living along Highway 33 between the point where it intersects with Highways 66, and the Garnett Road, who testified that during the time in question there were barricades, referred to as "horses" at various points along Highway 33, and that at night the defendants maintained flares or burning pots near each barricade; that one of these barricades was near the location of the East Side Dairy, approximately one mile east of the place of the accident, which barricade covered a substantial part of the Highway.

A representative of the State Highway Department testified there was a detour sign 800 feet north of the intersection of State Highway 66 with State Highway 33, and another detour sign 200 feet from this intersection; that between this intersection and the Garnett Road, where the accident occurred, there were 8 barricades, approximately 12 feet long, with signs on each of them stating: "S. H. No. 33 Closed for Construction, Follow Marked Detour;" that in front of each barricade there were two lighted pots and that it was practically impossible to pass a barricade without travelling off of the Highway to get around

it. He further testified that in front of the dirt pile at the intersection of Highway 33 and the Garnett Road, and where the accident occurred, there were 8 flares and a like number of flares on top of the the dirt pile.

A number of persons living along Highway No. 33, testified as to the location of the barricades and that flares were placed near each barrier at night. Two young men who were students at the East Central School, located approximately 200 feet east of the place of the accident, were on their way to a wiener roast at the schoolhouse; they testified as to the location of the barricades at a point near the East Side Dairy, and that there were lighted pots or flares near the barricades on the night of the accident; that in going to the schoolhouse they had to drive their automobile off of the Highway to go around this barricade; they further testified that there were a number of lights on the dirt pile and that it was all lit up like a Christmas tree. Other witnesses substantially corroborated the foregoing testimony of defendants' witnesses.

Under this record it is clear to us that whether plaintiff was or was not guilty of contributory negligence was a question of fact for the jury. Plaintiff, however, contends and cites cases to the effect that the negligence of Mr. Latimer, her father, could not be imputed to the plaintiff. The rule relied upon is subject to some qualifications.

In Stillwater Milling Co. v. Templin, 182 Okl. 309, 77 P.2d 732, and in Haynie v. Olson Drilling Co., 189 Okl. 527, 118 P.2d 230, we announced the rule that what conduct makes a guest guilty of contributory negligence ordinarily is a question of fact to be decided by the jury under appropriate instruction. In the latter case, we said:

"In an action instituted by a passenger or guest in an automobile for damages for personal injuries resulting from an automobile collision, where contributory negligence is made an issue and where an inference may be drawn from the evidence that plaintiff did not exercise ordinary care for her own safety in failing to warn the driv-

er of approaching danger, the court did not err in submitting the issue of plaintiff's contributory negligence to the jury."

We have examined the court's instructions as a whole and are of the view that they fairly and adequately submitted the issues which were supported by proof. Finding no substantial error in the record the judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in conclusion.

WILLIAMS, J., dissents.