## BANTA v. HESTAND.

No. 27747. Jan. 18, 1938.

Alger Melton and Clarence McElroy, for plaintiff in error.

T. H. Williams, Jr., for defendant in error.

GIBSON, J. This case comes from the county court of Grady county and is an action for personal injuries resulting from an automobile accident. Verdict and judgment were for plaintiff below, and defendant has appealed. The parties are designated in the order of their appearance at the trial.

According to the petition, plaintiff was riding as a passenger in an automobile driven by a Mrs. Ed Cofer in a lawful manner along a paved highway at a speed not to exceed ten miles per hour when the defendant, approaching from the rear, carelessly and negligently guided his car against the rear of the Cofer car, resulting in certain injuries to the plaintiff.

The specific acts of negligence alleged were, substantially, that defendant was driving at a speed greater than would permit him to bring his car to a stop within the assured clear distance ahead, as provided by section 10323, O. S. 1931, amended, section 14, ch. 113, S. L. 1933; that defendant approached the Cofer car and attempted to pass the same without warning, in violation of rule 6, section 10327, O. S. 1931; and that defendant, instead of passing to the left, as required by rule 2, said section 10327, attempted to pass to the right, and struck the Cofer car as aforesaid.

Defendant's answer was a general denial and plea of contributory negligence. Defendant alleges in this respect that he saw the Cofer car ahead and warned the occupants thereof of his presence by sounding his horn, and on approaching reduced the speed of his own car to that of the former; that both cars were thus proceeding up a hill when suddenly and without warning to defendant the Cofer car stopped on the paved highway in violation of rule 10, said section 10327; that he applied his brakes, attempted to miss the other car by going to the right, but skidded into the rear thereof; that he was justified in attempting to pass to the right by reason of the fact that his view of automobiles possibly approaching was restricted by the summit of

the hill ahead to such a limited distance that to pass on the left would likely have resulted in a collision with an approaching automobile.

The assignments of error presented and argued relate wholly to the instructions as given and refused.

The trial court refused to instruct the jury on the question of contributory negligence. This, the defendant says, constituted error; that in view of the evidence produced, and by reason of the provisions of section 6, article 23, of the Constitution, the court was duty bound on request to submit the question to the jury. The above section of the Constitution provides as follows:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

Defendant seems to take the position that where the defense of contributory negligence is pleaded, the trial court is without judicial discretion in the matter, but must in any event, regardless of the state of the evidence, submit the question for the jury's determination.

The foregoing position would seem to be supported by a number of prior decisions of this court (Chicago, R. I. & P. R. Co. v. Beatty, 27 Okla. 844, 116 P. 171; St. Louis & S. F. R. Co. v. Boush, 68 Okla. 301, 174 P. 1036; Goodrich v. City of Tulsa, 102 Okla. 90, 227 P. 91; Midland Valley R. Co. v. White, 109 Okla. 60, 234 P. 762; Oklahoma Union Ry. Co. v. Lynch, 115 Okla. 146, 242 P. 176). But those decisions, so far as they may support the present contention of defendant, have since been disapproved or overruled, In Miller v. Price, 168 Okla. 452, 33 P. (2d) 624, the court, when considering the doctrine formerly promulgated, stated that the court had "approached this intolerable position: That whenever contributory negligence is pleaded it is the duty of the court to instruct the jury thereon, even though there is no evidence whatever presented to support such allegation, or from which contributory negligence may be inferred. We cannot assent to such a doctrine." The rule was then announced in that case as follows:

"Section 6, art. 23, of the Constitution provides that the defense of contributory negligence shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury. Held, that, where the defendant has pleaded contributory negligence, but has introduced no evidence which tends to show contributory negligence on the part of plaintiff, and a review of all the evidence introduced in the case and all inferences which may reasonably be drawn therefrom permits but one conclusion, which is that no contributory negligence has been shown, in such case the defense of contributory negligence as contemplated in the constitutional provision has not been presented, and it is error for the trial court to submit to the jury an instruction thereon."

The defense of contributory negligence in the instant case was wholly unsupported by evidence. We find no breach of a legal duty on the part of plaintiff toward anyone; our attention is called to neither an act of commission nor omission on her part that would amount to negligence. And, contrary to defendant's contention, there is no proof of a relationship existing between the driver of the Cofer car and the plaintiff from which the negligence, if any, of the former may be imputed to the latter. Negligence is not imputed to the passenger in such case unless there existed at the time between him and the driver the relationship of master and servant, principal and agent, or that of parties to a joint enterprise. Sand Springs Ry. Co. v. McWilliams, 170 Okla. 85, 38 P. (2d) 539.

We must conclude, therefore, that the trial court, in view of the rule announced in Miller v. Price, supra, did not err in refusing to instruct on the question of contributory negligence.

Defendant next complains of the action of the trial court in instructing the jury on the doctrine of the last clear chance.

Defendant requested the particular instruction as given, but later objected thereto for the reason. he says, that the same had become inappropriate on account of the court's refusal to submit therewith certain other of his requested instructions.

There exists no reason why counsel may not be permitted to withdraw his requested instruction before it is adopted by the court as a proper instruction in the case. Mere objection to an instruction by the party who theretofore requested the same is not sufficient to constitute a withdrawal thereof; the objection by counsel as here taken presupposes adoption thereof by the court. The rule apparently is that an attempted withdrawal of the requested instruction after its adoption or a finding thereon by the court comes too late to permit of with-

drawal as a matter of right. See 64 C. J. 908, sec. 709.

Therefore, one who requests an erroneous instruction, and without timely withdrawal thereof, permits the court to adopt the same, is not saved from the operation of the rule relating to invited error by merely objecting thereto and saving his exceptions in the manner prescribed by statute. The error, if any, was invited by defendant and he may not now complain, for, as held in Allen v. Oklahoma State Bank, 133 Okla. 14, 270 P. 838, "a party, on an appeal to the Supreme Court, will not be permitted to secure a reversal of a judgment upon error which he has invited and acquiesced in." See, also, Skaggs v. Gypsy Oil Co., 169 Okla. 209, 36 P. (2d) 865.

Defendant objects to the following portion of instruction No. 6:

"That all motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; and must know that the driver in the front car has heard such warning and knows what the driver of the rear vehicle wants of him, and provides that the driver of the front car when so signaled shall turn to one side and give half of the road."

It is asserted that this instruction placed upon defendant a greater duty and burden than the law requires.

The Legislature has defined the duty of a motorist in defendant's position with reference to signaling the occupants of the car ahead. Rule 6, section 10327, above, provides as follows:

"All motor vehicles before passing other vehicles from the rear shall give notice of approach by a horn or other signal before passing; provided, that said vehicle shall be required when signaled to turn to one side and give half the road."

The statutory rule merely places upon the rear motorist the duty of giving signal of his approach. The instruction would place upon defendant the burden of proving not only that he gave proper signal of warning, but that the occupants of the car ahead actually heard the same and knew exactly what the defendant expected of them. No decision of this court has ever placed such a burden upon the rear motorist. Section 10327 gives no indication of a legislative intent to alter the general rule relating to the burden of proof in negligence cases. In such case the burden remains with the plaintiff to prove defendant's negligence and never shifts, except in cases where primary negligence may properly be inferred or presumed. Halbach v. Parkhill Truck Co., 169 Okla. 475, 37 P. (2d) 971.

Although the general instructions of the court elsewhere state that the burden of proving defendant's negligence is upon the plaintiff, the instruction here considered is so directly contra to the general charge that it cannot stand, and be passed over as harmless error. The effect thereof is to place defendant in an almost hopeless position before the jury. The language of the trial court as therein contained clearly indicates that defendant must prove a state of facts practically impossible of proof in this or any similar case. Even the occupant of the car ahead would be compelled to arrive at his conclusion as to the desires of the rear motorist by the process of divination. The only purpose of the signal as required by statute is to warn the motorist ahead. If he hears the signal he must then operate his car in a lawful manner. The burden is upon him to show that he did not hear the signal and was not aware of the approach of the rear car.

Plaintiff attempts to support the instruction by the rule announced in Smith v. Clark, 125 Okla. 18, 256 P. 36. There the court merely held that the driver of the car ahead was not guilty of negligence in turning to the left without signaling, if he did not know of the approach of the rear car. The case is not in point. The burden remains upon plaintiff to prove that the signal was not heard. It is not on defendant to prove that it was heard.

Here, in the minds of the jury the plaintiff may not have established a case of primary negligence against defendant, yet, for all we know, they may have seized upon the instruction and rendered their verdict thereon, since defendant failed to prove that the driver of the Cofer car knew the defendant's desires.

The judgment is reversed and the cause remanded, with direction to grant defendant a new trial.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.