## STATE INSURANCE BOARD v. HOSPITAL MUTUAL, Inc.

No. 27328.  Jan. 18, 1938.

Mac Q. Williamson, Atty Gen., and Sam H. Lattimore, Asst. Atty. Gen., for plaintiff in error.

Billups, Billups & Billups, for defendant in error.

RILEY, J. This is an action in mandamus by Hospital Mutual, Inc., hereinafter called plaintiff, to compel the Insurance Board of the State of Oklahoma, hereinafter termed defendant, to issue an annual license for the year 1936. The defendant had refused to issue a license because the plaintiff had failed to create a surplus sufficient to protect its policyholders against contingent liabilities.

On May 23, 1936, after a hearing upon the alternative writ, the trial court issued a peremptory writ directing that "* * * license to conduct its business for the fiscal year of 1936 * * *" be issued to the Hospital Mutual, Inc.

July 16, 1936, defendant filed its petition in error with case-made attached in this court. On July 1, 1937, defendant filed its brief, and on August 30, 1937, plaintiff filed its answer brief. In the answer brief is found this statement:

"After the above order of May 5, 1936, had been issued by the defendant this action for mandamus was instituted, the issues joined, and a peremptory writ issued by the lower court, **which was complied with by the insurance board and a license issued.**"

No denial thereof has been filed by defendant. Apparently the license concerning which this litigation arose has been issued, thus rendering the question moot. But, assuming the license has not been issued, the question is still moot because the period for which the license was sought has long since expired.

This court has consistently held that where a question tried to the court has become moot, the appeal will be dismissed. McCauley v. State, 162 Okla. 153, 19 P. (2d) 561; Roper v. Board of Education of City of Okmulgee, 167 Okla. 382, 29 P. (2d) 950.

The appeal is dismissed.

OSBORN, C. J., and PHELPS, GIBSON, and DAVISON, JJ., concur.