YOUNG v. EGGER.

No. 30976. Oct. 12, 1943.

*141 P. 2d 1007.*

Butler & Rinehart, of Oklahoma City, for plaintiff in error.

Richard A. Hays and George R. English, both of Okmulgee (John M. Milner and D. F. Rainey, both of Okmulgee, of counsel), for defendant in error.

RILEY, J. This is an appeal from an order of the superior court of Okmulgee county granting a new trial in an action then pending in said court wherein the defendant in error, Virgie Egger, was plaintiff and plaintiff in error, Homer L. Young, and Lavel Cowan were defendants. The action was for damages for wrongful death of Homer Egger, husband of defendant in error herein.

The facts which gave rise to the action are in substance that decedent, Homer Egger, was driving along the highway in an automobile in Okmulgee county. Plaintiff in error, Homer L. Young, and Lavel Cowan were riding in an automobile owned by Homer L. Young and his brother, Ray L. Young, which automobile at the time was being driven by Lavel Cowan. In attempting to pass the automobile being driven by deceased, Lavel Cowan ran into and struck the automobile of deceased, causing the injuries which resulted in the death of plaintiff's husband. Plaintiff alleged that Lavel Cowan was the agent of defendant Homer L. Young while so driving the automobile, and that her negligence was the proximate cause of the injury of plaintiff's decedent.

The action was commenced in Okmulgee county; the cause was tried to a jury, resulting in a verdict for the defendant Homer L. Young. Plaintiff, in due time, filed a motion for new trial, setting forth certain alleged errors in the proceedings. The trial court, upon consideration thereof, sustained the motion for new trial, and defendant Homer L. Young appeals.

Plaintiff in error submits the assignments of error under two general propositions. It is first contended that the order granting a new trial should be reversed for the reason that no legal service of summons was ever obtained upon the plaintiff in error, Homer L. Young; and that no judgment having been rendered against the defendant Lavel Cowan, the action should have been dismissed.

It appears from the record that at the time of the collision out of which this action arose, the defendant Homer L. Young was in the service of the United States Army, stationed at Fort Sill, in Comanche county, and that the codefendant, Lavel Cowan, then lived in Lincoln county. But at the time the action was commenced, Lavel Cowan was residing at Okmulgee, and summons was issued to the sheriff of Okmulgee county and served upon the defendant Lavel Cowan in that county. Summons was issued as to defendant Homer L. Young, directed to the sheriff of Comanche county and served upon him in that county. The defendant Homer L. Young appeared specially and filed a motion to quash the service of summons upon the ground that it was not issued, served, and returned in the manner provided by law. The summons and service thereof was regular in form and the motion was overruled. Thereafter, Homer L. Young filed a special plea to the jurisdiction of the court over his person, based wholly upon his service in the United States Army at the time summons was served upon him. That plea was also overruled, and defendant Homer L. Young filed his separate answer. He now asserts that the service of summons upon his codefendant, Lavel Cowan, was invalid for the reason that at the time of service of summons upon her she was a minor of the age of 17 years. It was not disclosed

that Lavel Cowan was a minor until the date of the trial. No guardian ad litem was ever appointed for her, and Homer L. Young asserts that by reason thereof the court never acquired jurisdiction over his person.

The contention of plaintiff in error in that regard cannot be sustained. Title 12, O. S. 1941 § 169, provides that when defendant is a minor, under the age of 14 years, service must be upon him and upon his guardian or father, or if neither of these can be found, then upon his mother, or the person having the care and control of the infant or with whom he lives. If neither of these can be found or if the minor be more than 14 years of age, service on him alone will be sufficient. The manner of service may be the same as in the case of adults. Therefore, the personal service obtained upon the defendant Lavel Cowan, a minor 17 years of age, was sufficient to support the venue of the action commenced in Okmulgee county, and issuance of summons on defendant Homer L. Young, directed to and served by the sheriff of Comanche county, was proper.

Title 12, O. S. 1941 § 154, provides:

"Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

In Balbridge et al. v. Smith et al., 76 Okla. 36, 184 P. 153, it is held that failure to appoint a guardian ad litem for an infant defendant when properly served is not such a jurisdictional defect as will render the judgment void, but at most it is voidable, and hence the judgment remains in full force and effect until it is reversed on appeal or set aside by direct proceedings. See, also, Slemp v. City of Tulsa et al., 139 Okla. 76, 281 P. 280.

It is next contended that the court erred in sustaining the motion for new trial for the reason that no error was committed by the trial court in the particulars on which the motion for new trial was sustained. The motion for new trial, among other things, charged error of the court in submitting to the jury instructions numbered 6, 10, 11, and 13, to which plaintiff excepted. The trial court in its order granting a new trial set forth that the motion for new trial should be sustained on the grounds set forth in paragraphs 2, 3, 4, and 5 thereof, in so far as they pertained to instructions 6, 11, and 13, and also sustained the grounds set forth in paragraphs 7 and 8 of the motion. By instructions 6, 11, and 13 the court submitted to the jury the question of contributory negligence on the part of deceased, Homer Egger.

This was error for two reasons. In the first place, there was no plea of contributory negligence in the amended answer of defendant Homer L. Young upon which the case was tried. There was a rather indefinite plea of contributory negligence in the original answer of the defendant Homer L. Young. But in the amended answer that allegation was omitted. Second, there was no evidence whatever of any act of omission or commission on the part of deceased to justify the submission of the question of contributory negligence of plaintiff's decedent to the jury.

In Miller v. Price, 168 Okla. 452, 33 P. 2d 624, it is held:

"Section 6, art. 23, of the Constitution provides that the defense of contributory negligence shall in all cases whatsoever be a question of fact, and shall at all times be left to the jury; held, that where the defendant has pleaded contributory negligence, but has introduced no evidence which tends to show contributory negligence on the part of plaintiff, and a review of all the evidence introduced in the case and all inferences which may reasonably be drawn therefrom permits but one conclusion, which is that no contributory negligence has been shown, in such case the defense of contributory negligence as contemplated in the constitutional provision has not been presented, and it is error for the trial court to submit to the jury an instruction thereon."

The same rule was applied in Banta v. Hestand, 181 Okla. 551, 75 P. 2d 415.

Under the record in this case and the foregoing authorities, it was not only not error but it was the duty of the trial court to sustain the motion for new trial when these errors were called to its attention.

The trial court also stated other grounds as reason for granting the motion for new trial. We deem it unnecessary to discuss them.

Other matters are presented relative to the question of the minority of the defendant Lavel Cowan, but we deem it unnecessary to discuss them in this case for the reason that it appears that she has now attained her full majority.

Affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN and WELCH, JJ., absent.