KELLY v. EMPLOYERS CASUALTY CO. et al.

No. 33441. Feb. 21, 1950.

*214 P. 2d 925.*

Cheek, Cheek & Cheek, of Oklahoma City, and Meacham, Meacham, Meacham & Meacham, of Clinton, for defendants in error.

ARNOLD, V. C. J. On October 12, 1943, Mrs. Jessie Kelly was driving to Oklahoma City from her home near Canute and as she approached the bridge across the Canadian river on West 10th street, ten miles west of Oklahoma City, she saw another car approaching the bridge from the east end and knowing that the two cars would meet on the bridge she decreased the speed of her car from approximately 35 miles per hour to 25 miles per hour, and after meeting and passing the approaching car on the bridge her car was struck in the rear by "something" and the impact rendered her unconscious and she sustained numerous serious injuries, the results of which have persisted since that time. By reason of her unconsciousness as a result of the striking of her automobile, she was unable as a witness upon the trial of the case to state what struck her or how her injuries were occasioned.

On April 27, 1945, she commenced this action against the defendants, H. V. Jones and the Employers Casualty Company, a corporation, as the insurance carrier of H. V. Jones, for damages resulting from the injuries suffered by her on the 12th day of October, 1943. The pertinent allegations of her petition relating to the nature of the collision and its cause read as follows:

"Plaintiff states that while driving, as aforesaid, her car was struck in the rear by a 1941 Model Chevrolet one and one half (1½) ton truck with semi-trailer attached, which belonged to the defendant, H. V. Jones, and which was being driven in the course of his employment by one Jesse F. Doggett, an agent and employee of Jones. . . .

"Plaintiff avers that said collision was proximately caused by the carelessness and negligence and want of due care on the part of the defendant,

Ash & Bailey, of Cordell, for plaintiff in error.

H. V. Jones, and his agent and employee, Jesse F. Doggett, in the operation and driving of said truck, . . ."

For his answer defendant H. V. Jones denied generally and specifically the allegations of plaintiff's petition and as affirmative defenses alleged unavoidable accident based upon the slowing down of plaintiff's car immediately before the collision and contributory negligence based upon the failure of plaintiff to give proper warning to those following her upon the highway of her intention to decrease the speed of her car.

The defendant insurance company answered by general denial and asserted that under its policy of insurance it was not liable to the plaintiff unless the defendant Jones is liable and alleged the nonliability of Jones for the reasons set forth in his answer. The company also pleaded contributory negligence on the part of plaintiff. Upon trial of the case wherein defendants offered no evidence, there was a general verdict in favor of defendants upon which judgment was entered, and plaintiff appeals.

Her petition in error alleges error of the trial court in the giving of four instructions numbered 2, 11, 9 and 10, to which instructions and the giving thereof plaintiff at the time duly excepted. Plaintiff's argument on these specifications of error is presented in her brief under two propositions as follows:

"(1) The court erred in giving instructions which placed upon the plaintiff the burden of proving issues admitted by defendants' answers.

"(2) The court erred in giving instructions upon issues not raised or presented by the evidence."

The first proposition is predicated on and embraces the alleged errors of the trial court in giving instructions 2 and 11. In instruction No. 2 the court told the jury that "the burden is upon the plaintiff to prove the allegations of the petition by a fair preponderance of the evidence, and unless the plaintiff

has so proven the allegations of the petition by a fair preponderance of the evidence you will find for the defendants upon the petition of plaintiff."

It is the contention of the plaintiff that this instruction was erroneous in that by the general denials of the defendants they admitted the allegation of agency, and since plaintiff offered no evidence in support of her allegation of agency, this instruction placed an undue burden upon her and misled the jury as to the sufficiency of the allegation and proof of agency. By instruction No. 11 the jury was told that if it found and believed from a fair preponderance of the evidence that,

"plaintiff was driving an automobile east on a public highway in a careful and prudent manner; that defendant's truck being driven by Jesse F. Doggett, defendant's agent and employee and in the course of his employment carelessly and negligently ran into plaintiff's automobile; that defendant was negligent in that the truck was being driven at an excessive rate of speed, with defective brakes or the driver failed to apply the brakes; that as a result of said collision plaintiff received injuries to her person and was damaged thereby; that the negligence of defendant's driver was the proximate cause of the injury; that the defendant's truck was being operated under a certificate of necessity issued by the Corporation Commission; that defendant, Employers Casualty Company, a Corporation, carried liability insurance on said truck for injuries and damage to persons, then you should return a verdict in favor of the plaintiff and against the defendants."

Plaintiff's contention with respect to this instruction is that it was erroneous in that the question of Doggett's agency is a fact left for the jury to determine, but that under the pleadings in the case this was a simple statutory question of law which should have been determined by the court. On this point plaintiff relies upon the language of 12 O.S. 1941 §286, which reads:

"In all actions, allegations of the execution of written instruments and en-

dorsements thereon of the existence of a corporation or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

As above stated, the unconsciousness of plaintiff resulting from the collision here involved prevented her knowing what struck the rear end of her automobile, and as a result her testimony upon the witness stand in her own behalf throws no light upon this question. Such being plaintiff's situation upon the trial of the case, it is manifest that it was especially important to her and to her rights in the litigation that the jury should be correctly and properly instructed upon all material issues to be determined by them. That these instructions by the court overlooked the admissions in defendants' answers and the applicability thereto of the language of section 286, supra, was probably inadvertent, but its effect upon the jury may have been as potent as if he had purposely omitted all reference to these admissions of the defendants. Under the language of section 286, we think it was clearly the duty of the court to instruct the jury that by their unverified general denials the defendants admitted the agency alleged in plaintiff's petition.

In the case of Gaar, Scott & Co. v. Rogers, 46 Okla. 67, 148 P. 161, this court said:

"A general allegation of an authorized agency, not denied under oath, will be presumed to be an agency with such power and authority as is charged in the pleading, and no further proof of the agent's authority will be required."

In the case of McIntire v. Burns, 172 Okla. 152, 42 P. 2d 143, this court said:

"It is the duty of the trial court upon his own motion to properly instruct the jury upon the decisive issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error."

That these instructions by the trial court were erroneous in substantially admitted by defendants in their brief wherein they say:

"Inasmuch as the answers are not verified it is probably admitted that Doggett was the agent and employee of Defendant Jones on October 12, 1943."

While the admission of agency in this case is established by plaintiff's allegations and the language of section 286, supra, we know of no statute or rule of pleading which makes an unverified general denial an admission of the ownership of an instrumentality involved in a highway accident so that the burden rested upon the plaintiff to establish that the instrumentality causing the plaintiff's injury and damage was owned by defendant Jones. In the discharge of this burden resting upon her plaintiff introduced in evidence the certificate of convenience and necessity issued to H. V. Jones by the Corporation Commission of this state which authorized him to engage in freight service intrastate as a Class "B" Common Motor Carrier hauling freight for hire and the policy of insurance issued by the defendant company to the defendant Jones which covered damages suffered by any persons from his operation of a 1940 Chevrolet 1½-ton truck and a 1941 Chevrolet 1½-ton tractor, the former having a highway trailer and the latter a semi-trailer. This policy further showed these motor vehicles were to be used in commercial transportation. Defendants having admitted that Doggett was the agent and employee of Jones and defendant having expressly alleged the death of Doggett as a result of the collision here involved, if the jury had been told by the court in its instructions that this agency was admitted by the general denials of the defendants, then the proof introduced by plaintiff showing the certificate of convenience and necessity issued to and held by Jones and the policy showing the motor vehicles upon which he carried insurance against loss

or damage while being operated in commercial transportation, the jury may have reached a different conclusion than it did reach by reason of the failure of the court to advise it that this agency was an admitted fact in the case.

Plaintiff's second proposition is based upon the alleged error of the court in giving instruction No. 9 upon unavoidable accident and instruction No. 10 upon contributory negligence. On neither of these special defenses did defendants offer any evidence so that the only evidence upon which these instructions could be based was the evidence of plaintiff. Negligence is not an element of unavoidable accident, but it must be the result of unforeseen circumstances and conditions producing it and which could not have been avoided except by the exercise of exceptional foresight. Eliminating all elements of negligence, the only fact which would demonstrate the unavoidable nature of the collision would be the close proximity of the truck to the rear end of plaintiff's car at the instant she reduced its speed from 35 to 25 miles per hour. There is no such evidence. We think this instruction was not authorized by any fact established by the evidence nor by any reasonable inferences which may be drawn from the facts in evidence.

Was there a basis in the evidence for the instruction on contributory negligence? Plaintiff was traveling on a paved highway at a speed of approximately 35 miles per hour. The evidence shows that she was a careful and prudent driver and that she was acquainted with the rules of the road. The fact that she thought it prudent to reduce the speed of her car while meeting another car in crossing this bridge can give rise to no reasonable inference of negligence in the absence of evidence that she knew a truck was following her and knew that its proximity was such that her slowing down of her car might cause a rear end collision. There is no such evidence. Likewise, there is no evidence that when she used her brakes to slow down her speed she gave no signal to warn of her intention. In the absence of such evidence, and in the face of direct evidence that she was a careful and prudent driver acquainted with the rules of the road, such an act of negligent omission on her part may not be reasonably inferred. There is no evidence as to the condition of the truck being operated by Doggett, the agent and employee of defendant Jones, particularly as to the condition of its brakes if applied by him, nor that he was a careful and experienced driver and knew the clear distance ahead in which his brakes could be relied upon to control the truck. Plaintiff has alleged negligence on the part of the agent and employee of defendant Jones and of the defendant himself, but there is likewise no evidence to support this allegation other than the evidence of what occurred on the bridge and the reasonable inferences to be drawn therefrom. Contributory negligence is an affirmative defense which must be established by direct or circumstantial evidence with the reasonable inferences to be drawn therefrom. Defendants introduced no evidence on the trial. We think that the testimony of the plaintiff does not either directly or circumstantially show contributory negligence on her part by reducing the speed of her car under the circumstances here shown, nor does her testimony give rise to a reasonable inference that she acted negligently as charged by the defendants and thus contributed to her own injury. Banta v. Hestand, 181 Okla. 551, 75 P. 2d 415.

The proper rule to be followed in the application of the directive contained in section 6, art. 23, Const., was announced by this court in the case of Miller v. Price, 168 Okla. 452, 33 P. 2d 624, and has been expressly approved and applied in nine later decisions. This rule is contained in the first paragraph of the syllabus to the Miller case and reads:

"Section 6, art. 23, of the Constitution provides that the defense of contributory negligence shall in all cases

whatsoever be a question of fact, and shall at all times be left to the jury; held, that where the defendant has pleaded contributory negligence, but has introduced no evidence which tends to show contributory negligence on the part of plaintiff, and a review of all the evidence introduced in the case and all inferences which may reasonably be drawn therefrom permits but one conclusion, which is that no contributory negligence has been shown, in such case the defense of contributory negligence as contemplated in the constitutional provision has not been presented, and it is error for the trial court to submit to the jury an instrucion thereon."

The later cases approving and applying this rule are: Yellow Taxicab & Baggage Co. v. Cooke, 171 Okla. 269, 42 P. 2d 826; Clanton et al. v. Mundell, 174 Okla. 428, 51 P. 2d 760; Blossom Heath Operating Co. v. Pipkin, 178 Okla. 617, 63 P. 2d 982; Midland Valley R. Co. v. Townes, Adm'r, 179 Okla. 136, 64 P. 2d 712; Banta v. Hestand, 181 Okla. 551, 75 P. 2d 415; State Ins. Board v. Hospital Mutual, Inc., 181 Okla. 555, 75 P. 2d 422; J. F. Smith, Inc., v. Patton, 188 Okla. 599, 112 P. 2d 170. In further clarification of the rule announced, this court, in the case of Yellow Taxicab & Baggage Co. v. Cooke, supra, in the body of the opinion, said:

"We are of the opinion that the phrase, 'the defense of contributory negligence,' as here used, includes not only the formal allegations in the defendant's answer, but also the evidence introduced in support of those allegations; that in order to present 'the defense of contributory negligence,' the defendant must not only plead the same in his answer but also some evidence must be offered at the trial in support of his plea. We are of the opinion that the mere assertion of the defense in the pleadings without its being supported by some evidence at the trial is not sufficient to constitute the same a 'defense' within the meaning of the constitutional provision."

That plaintiff sustained serious injuries and that she has expended large sums of money for medical and hospital services, and that she has not yet recovered from the effects of her injuries, are not disputed facts in this case. With the evidence of these results following the demolishing of her car in the collision, we are constrained to hold that the instructions of the court here complained of, and which we believe to be erroneous, misled the jury to the prejudice of plaintiff's rights and that she should be granted a new trial of the action.

Reversed.

WELCH, GIBSON, LUTTRELL, HALLEY, and JOHNSON, JJ., concur. CORN, J., dissents.