**VALLEY STEEL PRODUCTS COMPANY, a foreign corporation, Plaintiff in Error,**

**v.**

**Sam G. LONG, Defendant in Error.**

**No. 36416.**

Supreme Court of Oklahoma.

March 8, 1955.

Rehearing Denied April 6, 1955.

Appeal from the District Court of Kingfisher County; Tom R. Blaine, Judge.

Action for damages for delay in transfer of titles to motor vehicles. From a jury's verdict and judgment based thereon in favor of plaintiff, defendant. appeals. Affirmed.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Louis Reilly, Kingfisher, for defendant in error.

JOHNSON, Chief Justice.

The parties herein occupied reverse relative positions and hereafter they will be referred to as they appeared in the trial court.

This action was brought in the District Court of Kingfisher County, Oklahoma by plaintiff against the defendant for damages allegedly sustained by plaintiff through defendant's unreasonable delay in re-transferring to him the titles to a truck tractor and semi-trailer.

By stipulation it was shown that plaintiff (Sam G. Long) about August 15, 1949 was the owner of a truck tractor and semi-trailer, with ownership registered in his name; that at that time he rented and leased same to the defendant (Valley Steel Products Co.) and defendant employed him as truck owner-driver thereof to transport merchandise for defendant on a mileage basis of compensation and that although the defendant did not buy the equipment, or pay him anything for it, he was required by their agreement to assign the registered titles to the vehicles to the defendant and that when the employment under the agreed arrangement between them terminated, defendant would reassign the registered titles to the vehicles back to plaintiff within a reasonable time.

The material issue in this case is whether the defendant, without legal excuse, failed to reassign the registered titles to the vehicles back to plaintiff within a reasonable time after termination of employment, and, if so, what was the extent of the damages suffered as a result of such failure.

On this issue the jury found for the plaintiff, and assessed his damages in the sum of $2,999.99.

The court rendered judgment on the jury's verdict. Defendant filed its motion for new trial, which was overruled resulting in this appeal.

The defendant, inter alia, contends that the judgment is not sustained by the evidence and that the amount of the verdict was excessive as the result of passion, prejudice and bias of the jury, and contrary to law.

■ In law actions, if there is any evidence reasonably tending to sustain a jury verdict, such verdict and judgment based thereon will not be disturbed on appeal. This rule is so well established that we need not cite authorities.

■ It is argued that the evidence shows that defendant was not guilty of unreasonable delay in transferring titles to the truck tractor and semi-trailer and that the titles were executed and delivered to plaintiff within a reasonable time after termination of employment. However, only the plaintiff adduced any evidence in the case on the issue, which evidence showed an inexcusable delay of approximately nine months during which time the plaintiff wrote letters and telephoned defendant repeatedly seeking the assignments of title, which lack of title prevented plaintiff's use of the equipment resulting in the alleged damage. See 47 O.S.A. § 23.6, motor vehicles registration and licensing and 47 O.S.A. §§ 116.8 and 116.14, motor vehicles operation. This, in our opinion, was ample to sustain the jury's finding that the transfer of titles were not executed and delivered to plaintiff within a reasonable time.

■ As to the excessiveness of the amount of the jury's verdict allegedly resulting from passion, prejudice and bias of the jury, the amount of the verdict was no more than sued for and was less than the established amount recoverable under the competent evidence on the issue of damages. The evidence as to the amount of damages sustained, was loss of rental value and wages, and showed the reasonable monthly rental value of the truck and trailer to be from $900 to $1,200 per month and that the owner-operator would average around $400 to $450 per month as wages. Under such showing it does not appear that the jury was swayed by passion, prejudice of bias or that the verdict was so large as to shock sense of justice. Under these circumstances the jury's verdict will not be disturbed. See Parkhill Trucking Co. v. Hopper, 208 Okl. 429, 256 P.2d 810, and cited cases.

Affirmed.

WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, ARNOLD, HALLEY, BLACKBIRD and JACKSON, JJ., concur.