Ethel BROWN, Plaintiff in Error,

v.

Greer REAMES and C. V. Boedeker d/b/a Enid Bus Lines, Defendants in Error.

No. 39115.

Supreme Court of Oklahoma.

Sept. 13, 1961.

Richard E. Romang, Enid, for plaintiff in error.

Simons, Mitchell, Headrick, Mitchell & Neal, by Earl B. Mitchell, Jr., Enid, for defendants in error.

HALLEY, Justice.

This is a personal injury action by plaintiff for injuries she alleged she received while riding a bus in the City of Enid, which was owned by the defendant, Boedeker, and operated by his employee, Reames.

Plaintiff's evidence showed that she was thrown against the back of the seat in front of her when the bus was brought to a sudden stop by the defendant, Reames; that as a result of the blow she lost some of her teeth and had other serious injuries to her neck and spine.

The defendants offered proof to show that the bus was properly operated and that there was no negligence in the manner in which it was driven and that the plaintiff's alleged injuries were not as serious as she alleged.

The case went to the jury and a verdict was returned for the defendants and the plaintiff has appealed to this Court.

As the parties are in the same position here as below, we will refer to them as plaintiff and defendants.

The plaintiff discusses four propositions in her brief, which are as follows:

"1. The trial court erred in giving Instruction No. 8 to the jury, and refusing to give Plaintiff's Requested Instruction No. 3.

"2. The trial court failed to properly instruct on the question of damages resulting from aggravation of a pre-existing disease or condition.

"3. The trial court had a duty to instruct on damages for inability to perform household work.

"4. The verdict and judgment are not sustained by sufficient evidence, and are contrary to law."

As to the first proposition, we quote Instruction No. 8, as follows:

"You are further instructed that if you find and believe from a preponderance of the evidence that the plaintiff was a passenger on the defendant's bus as alleged in the petition, then in that event the defendant owed to the plaintiff, while plaintiff was a passenger on said bus, the duty of managing and operating its said bus, with the highest degree of care of a very prudent person in view of all the facts and circumstances at the time of the alleged injury, and the defendant is liable to the plaintiff for any omission of such care, if such omission resulted in injury to the plaintiff, and if the plaintiff was at the time of the injury acting with ordinary care to avoid being injured, if by a preponderance of the evidence in this case the jury believes that the plaintiff, while a passenger on the defendant's bus received an injury resulting from the negligence of the defendant, or its servant, then your verdict should be for the plaintiff."

The plaintiff contends that the insertion of the words "if the plaintiff was at the time of the injury acting with ordinary care to avoid being injured" made the instruction bad. No contention was made by the defendant, either in the answer or evidence, that the plaintiff was not exercising ordinary care for her own safety. The use of the foregoing words was unnecessary in this case but if error, it was harmless. Certainly this was not an instruction on contributory negligence. We are of the opinion that the jury was not misled by this instruction. The case of Young v. Egger, 193 Okl. 172, 141 P.2d 1007, cited by plaintiff, is not in point here because the defense of contributory negligence was instructed upon in full in that case when no contributory negligence was pled or testified to. The use of the above mentioned words could not be considered an instruction on contributory negligence. In Bowring v. Denco Bus Lines, Inc. et al., 196 Okl. 1, 162 P.2d 525, 526, we said:

"While an instruction standing alone may be subject to criticism, if the instructions in their entirety fairly submit the issues to the jury, the giving of such instruction is not reversible error where it does not appear that the jury has been misled thereby."

We think the instructions given in this case were substantially correct and fully covered every phase of this suit.

■ The refusal to give Requested Instruction No. 3, which was:

"There is no duty placed upon the passenger who had paid her fare for safe transportation to be on constant guard for stop lights and the manner in which the bus driver may stop the bus for such lights.",

was not error because as we have previously stated no contention was made that the plaintiff failed in any way to exercise ordinary care for her own safety.

■ Plaintiff for her second proposition urges that Instruction No. 12 was not correct. It is as follows:

"You are further instructed that you may take into consideration, in estimating the amount of plaintiff's damages, if any, if any pre-disposition to any disease was aggravated by the injury, if from all the facts and circumstances in this case you find that to be a fact."

After studying the facts in this case we must conclude the jury knew that it had the right to consider in arriving at its verdict the plaintiff's physical condition before and after the alleged accident and whether her previous condition had been aggravated by her alleged injuries that gave rise to this action. When this instruction is considered along with Instruction 15, having to do with the measure of damages, there was no occasion for the jury to be misled. The instructions were sufficient on this point. See Town of Braggs et al. v. Slape, 207 Okl. 420, 250 P.2d 214.

■ For her third ground for reversal plaintiff claims that the trial court erred in not instructing specifically as to plaintiff's loss of ability to perform her household duties. Evidence was admitted on this loss and plaintiff had the right to argue this element to the jury under Instruction No. 15. The following quote from this instruction would have permitted recovery for this item of damage:

"* * * In this regard you may take into consideration the age of the plaintiff, the physical condition of the plaintiff immediately before and after the accident; the nature and extent of her injuries, if any; whether the injuries, if any, are permanent or otherwise; the physical impairment sustained, if any; the pain and suffering endured and likely to be endured in the future, if any; and award such sum as you determine will reasonably compensate plaintiff therefor, not to

exceed, in any event, the amount sued for, namely, $57,300.00."

Undue prominence should not be given to particular phases of a case and the refusal to give an instruction which would do so is not error. Snouffer v. First National Bank of Medford, 86 Okl. 190, 207 P. 452.

For the fourth proposition the plaintiff insists that there was not sufficient evidence to sustain the verdict and judgment and they are contrary to law. Under the instructions the jury, in order to exonerate the defendants, had to find that plaintiff was not hurt or that the defendant, Reames, was not negligent in the operation of the bus. The only evidence that plaintiff was not hurt on the bus is slight but the defendant, Reames, did testify that plaintiff did not appear to be hurt when she wrote her name for him. There was evidence that he operated the bus in a prudent manner and was without fault.

We have many times held that if there is any evidence in a law action reasonably tending to sustain a jury verdict, which has been approved by the trial court, verdict and judgment based thereon will not be disturbed on appeal. Valley Steel Products Co. v. Long, Okl., 282 P.2d 232 and Shelton v. Tapley, Okl., 329 P.2d 672.

The plaintiff was not a good witness in her own behalf. This case was one for the jury and was fairly submitted. The verdict and judgment for the defendants must be sustained.

WILLIAMS, C. J., and WELCH, JOHNSON and IRWIN, JJ., concur.

DAVISON and JACKSON, JJ., concur in result.

BLACKBIRD, V. C. J., and BERRY, J., dissent.