J. O. WILLIAMS, Plaintiff in Error,

v.

Richard H. WILSON, Defendant in Error.

No. 39336.

Supreme Court of Oklahoma.

Feb. 13, 1962.

Jay C. Baker, Tulsa, for plaintiff in error.

Rucker, Tabor, Best, Sharp & Shepherd, Joseph F. Glass, O. H. "Pat" O'Neal, Tulsa, for defendant in error.

PER CURIAM.

Plaintiff in error, hereinafter referred to as plaintiff, was driving an automobile (hereinafter referred to as his) west on 11th Street, a multi-lane thoroughfare, in the City of Tulsa, when another automobile, driven by the defendant in error, Richard H. Wilson, and owned by one Tommy Haymes (but hereinafter referred to as "defendant's car") passed plaintiff's car on the right, and thereafter ran up on the sidewalk on the same side of said street, striking a public utility pole, rebounding onto 11th Street, and colliding with plaintiff's car.

When plaintiff thereafter instituted the present action to recover damages against both Wilson and Haymes for his personal injuries from the collision, the court directed a verdict in favor of Haymes, and, upon submission of the cause to the jury, a verdict was rendered in favor of the defendant Wilson. Judgment was entered accordingly, and plaintiff perfected this appeal.

The two propositions plaintiff urges for reversal are as follows:

"The Court erred in failing to instruct the Jury on the theory of commingling and combining negligence as requested by the plaintiff, or in some other form.

\*     \*     \*     \*     \*     \*

"The court erred in instructing the jury on unavoidable accident for the reason that such an instruction was not warranted by any construction of the facts."

To deal with the arguments presented, it will be necessary to refer briefly to both the pleadings and the evidence.

Plaintiff's petition identified no automobile other than his, and defendant's, and, insofar as it revealed, he and Wilson were the only drivers involved, the accident allegedly being caused by Wilson's negligence in the following respects:

(1) In driving his car 50 miles per hour;

(2) In his failure to give attention to the operation of his auto, and to remain alert;

(3) By driving in a reckless and careless manner and not keeping his auto under such control as to avoid the accident; all in violation of certain ordinances quoted in said petition.

The separate answers of both defendants, Wilson and Haymes, consisted of a general denial, a plea of unavoidable accident, and a general allegation that plaintiff was guilty of contributory negligence. In addition, Wilson's answer alleged the following:

"\* \* \* That the defendant, Richard H. Wilson, was confronted with a sudden emergency and thereafter exercised his own judgment in making every reasonable attempt to avoid an accident.

\*     \*     \*     \*     \*     \*

"That if this defendant was negligent which he does not admit but specifically denies, then the intervening act of negligence on the part of the driver who swerved in front of him forcing him up over the curb on 11th Street, completely superseded and insulated any act of negligence on the part of the defendant, Richard H. Wilson, and thereby became the sole and proximate cause of this accident."

The facts, as related in plaintiff's testimony at the trial, contain no material deviation from the allegations of his petition, except he estimated that when defendant's car passed his, it was traveling 35, instead of 50, miles per hour. Without mentioning a third car, plaintiff testified that, as defendant's car passed his, it began to buck and bounce, that it appeared to be out of control, and that, for no apparent reason, it ran off the street to the sidewalk, where it struck the pole, before rebounding. He further testified that there were no cars in front of either his, or the defendant's, in their respective lanes of traffic, for a distance of some 300 feet.

The defendant Wilson testified, on the other hand, that just as his car was going (at the rate of 31 or 32 miles per hour) past plaintiff's car, in the traffic lane to plaintiff's right, an auto that had been traveling

ahead of plaintiff's car, and in the same traffic lane, suddenly and without signal, swerved from said lane, over to the right lane, in which defendant was traveling, at a point only 2 or 3 car lengths ahead of defendant. Defendant further testified that he applied his brakes, but that, in order for him to avoid colliding with the third car, he had to turn his car sharply toward the curb, and it was then that it jumped the curb, ran into the pole, and rebounded.

In view of the above, plaintiff, at the close of the trial, requested, but the court refused, the following instruction:

"Ladies and gentlemen of the jury: You are instructed that if you find from a preponderance of the evidence that the defendant Wilson was negligent, as the term is defined above, and his negligence combined *and was commingled with the negligence of some third party*, you will return a verdict for the plaintiff." (Emphasis ours).

The court did tell the jury, by its 12th instruction, the following:

"You are instructed that if you find that the injury or damages to plaintiff, if any, was due to an unavoidable accident, and that there was no fault or negligence on the part of either party, then your verdict should be for the defendant."

In support of his contention that, after the driving of the third car was injected into the facts of the case by defendant's evidence, the trial court erred in failing to instruct the jury on the subject of the concurrent negligence of two tort-feasors, plaintiff cites Ironside v. Ironside, 188 Okl. 267, 108 P.2d 157, 134 A.L.R. 621, and other cases, for the rule that in such a *situation*, the defendant and the driver of the third car are jointly and severally liable to plaintiff, and he may recover from either, or both. (In this connection, see also 5 Am.Jur., "Automobiles and Highway Traffic", Section 238).

▇▇▇▇ Defendant takes no issue with the rule set forth, and applied, in the cases cited by plaintiff, but he contends that it is not

applicable here, because plaintiff neither alleged, nor testified, that any third car was involved, nor did he attempt to show that the driver of any such car had anything to do with causing the accident. Defendant's argument—as distinguished from the authorities he cites—seems to be predicated upon the idea that it is *merely the plaintiff's pleading* that makes up the issues for submission to the jury. Such an idea is erroneous. The rule that it is the duty of the trial judge to instruct the jury on the fundamental issues of the case, means the issues as joined by the evidence—not merely as alleged in the pleadings. If this were not true, a plaintiff could control the court's instructions by the allegations of his pleadings, regardless of whether or not they were ever supported by evidence.

▇▇▇▇ Defendant's contention that the evidence justified the trial court's 12th instruction dealing with "unavoidable accident" is an admission, by inference, or to some extent, that the court should also have instructed on concurrent negligence, because the thing that made the accident unavoidable, according to his theory and evidence, was the driving of the third person, not a party litigant.

As we have determined that the question of whether the accident was proximately caused by negligence on the part of the defendant, concurring with negligence on the part of the driver of the third car, was a fundamental issue in the case *(as well as* whether the accident was caused *solely* by defendant's negligence), we are not impressed by defendant's claim that the above-quoted instruction, requested by plaintiff, was incomplete or improper, because it did not define the negligence referred to therein as that "which proximately caused the accident." In Kelly v. Employers Casualty Co., 202 Okl. 437, 214 P.2d 925, we held:

"It is the duty of a trial court *upon its own motion* to *properly* instruct the jury upon the fundamental issues formed by the pleadings and the evidence, and a failure to do so constitutes reversible error. An issue in a case is fundamen-

tal when its correct determination, under proper instructions, will be conclusive of the rights of the parties." (Emphasis ours.) See also Thomas v. State ex rel. Com'rs of Land Office, 197 Okl. 450, 172 P.2d 973.

█ In accord with the foregoing, we hold that the trial court committed reversible error, as above indicated, and that, on account of said error, if no other, he should have sustained plaintiff's motion for a new trial. The judgment of that court is therefore reversed, and the within cause is remanded to it with instructions to grant plaintiff a new trial.

The Court acknowledges the aid of Supernumerary Judge N. S. Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference the foregoing opinion was adopted by the court.

BLACKBIRD, V. C. J., and DAVISON, HALLEY, JOHNSON, JACKSON, IRWIN and BERRY, JJ., concur.