**E. P. SHEPPARD, Plaintiff in Error,**

v.

**Gerald E. THOMPSON, Defendant in Error.**

**E. P. SHEPPARD, Plaintiff in Error,**

v.

**Gerald E. THOMPSON and Mary Lee Thompson, Defendants in Error.**

**Nos. 42384, 42385.**

Court of Appeals of Oklahoma
Division No. 1–C.

Nov. 26, 1969.

Yates, Ivester & Braddock, Altus, for plaintiff in error.

Kerr & Kerr, Altus, for defendants in error.

IRWIN, Presiding Judge:

The above cases were consolidated for the purpose of trial in the trial court and have been consolidated for disposition on appeal.

Plaintiff in error was plaintiff in both cases in the trial court and will be referred to as plaintiff. In Case No. 42,385, defendants in error are husband and wife, and the husband is defendant in error in Case No. 42,384. They will be referred to jointly as defendants, and the husband will be referred to as defendant.

In Case No. 42,384, plaintiff instituted an action against defendant to recover money he had paid on a promissory note in the principal sum of $2,375.00 plus interest, that had been executed by plaintiff and defendant in favor of a bank. The jury returned a verdict for defendant and judgment was rendered accordingly. Plaintiff appealed from the order overruling his motion for a new trial.

In Case No. 42,385, plaintiff instituted an action against defendants to recover judgment on a promissory note in the principal sum of $1,500.00 plus interest, and to foreclose a real estate mortgage securing it, both of which had been executed by defendants. The jury returned a verdict for defendants and judgment was rendered accordingly. Plaintiff appealed from the order overruling his motion for a new trial.

Both notes and mortgage were executed while plaintiff and defendant were jointly engaged in the purchase and operation of a pawn shop pursuant to an oral agreement. The terms of this oral agreement are dispositive of the issues presented.

Defendants admit the execution of both notes and the mortgage, but deny they ever received any consideration therefor and contend that they were executed only as an accommodation to plaintiff. Defendants' theory is that under the terms of the oral agreement, plaintiff was to furnish all the finances for the purchase and operation of the business and that defendant was to receive a salary for operating it; and that the business would be fifty-fifty proposition when plaintiff recovered his investment.

Plaintiff contends that under the terms of the oral agreement the parties agreed to share in the cost of acquiring and operating the business and that defendant would receive a salary for operating it. Plaintiff argues that he executed the $2,575.00 note in favor of the bank as a co-signer with defendant, as an accommodation to defendant and that he put $1,500.00 in the business for defendants in consideration for the execution of the $1,500.00 note and mortgage securing it.

The evidence is in conflict. Plaintiff testified that he and defendant agreed to put in $2,500.00 each; that defendant didn't have his $2,500.00 and he signed the $2,575.00 note in favor of the bank as an accommodation to defendant in order that defendant would have the $2,500.00 that he agreed to put into the business.

Defendant testified that plaintiff told him that he would like to go into the pawn shop business with him; that he told plaintiff he didn't have any money; that plaintiff told him "That's all right, I'll furnish the money", and that plaintiff agreed that he would get a salary for operating the business.

The record discloses that the business was purchased on January 9, 1961, for $3,-500.00. Plaintiff furnished $1000.00 cash as down payment and the proceeds of the $2,575.00 note executed in favor of the bank on January 20, 1969, were paid on the balance of the purchase price.

Defendant testified that the $2,575.00 note to the bank was executed after the seller of the business wanted the balance of the purchase price; that plaintiff brought the note to him to sign; that he signed the note as an accommodation to plaintiff, and a few days later the proceeds of the note were deposited in the bank.

The $1,500.00 note and mortgage were executed on September 1, 1961. $750.00, plus interest, was payable on September 1, 1962, and the balance, plus interest, was payable on September 1, 1963. Both defendants testified that the note and mortgage were for plaintiff's benefit and that they received no consideration for their execution. Plaintiff did not testify concerning the execution of this note and mortgage.

On June 20, 1962, plaintiff took over the business. Defendants testified that plaintiff had made no claims or demands against them and the first time that they knew that plaintiff expected them to pay the notes and mortgage was when they received the summons served upon them in 1966.

Plaintiff first contends that the verdict and judgment rendered in both cases are not sustained by sufficient evidence.

In considering this contention we should first point out on what theory the cases were tried and how the issues were submitted to the jury. Both parties relied upon their oral agreement to go into the pawnshop business together. Although plaintiff argues that a subsequent agreement was entered into prior to the execution of the $1,500.00 note and mortgage, plaintiff did not testify that a subsequent agreement was entered into nor did he testify concerning the execution of such note and mortgage.

The trial court placed the issues before the jury in an instruction which in effect, is:

"You must first determine the terms and conditions of the oral contract between plaintiff and defendants. If you find from the preponderance of the evidence that defendants executed the notes and mortgage for money that plaintiff should have provided by the terms of the oral agreement, then the defendants should prevail. On the other hand, if you find that the money received by defendants and put into the business was money that defendants should have provided under the terms of their oral agreement then defendants have no defense and plaintiff should prevail."

Although plaintiff filed an exception to the above instruction as paraphrased, he did not file a request for an instruction that the terms of the oral agreement were not controlling or that the jury could render a verdict in his favor on both or either of the notes. In other words, the cases were consolidated, tried and presented to the jury on the theory that plaintiff would be entitled to recover on both notes or not entitled to recover on either note.

In Brown v. Reames (1961) Okl., 364 P. 2d 906, we held that if there is any evidence in a law action reasonably tending to sustain a jury verdict which has been approved by the trial court, the verdict and judgment based thereon will not be disturbed on appeal.

We hold there is competent evidence reasonably tending to sustain the jury verdicts and judgments rendered thereon.

■ Plaintiff contends that the trial court erred in its instruction to the jury in regard to the $2,575.00 note. The gist of this contention is that this instruction was inadequate for the reason the trial court did not include in its instruction the definition of an "accommodation maker", "consideration" and "lack of consideration".

In Sarkeys v. Haas, Okl., 402 P.2d 894, we held:

"Where the instructions given are applicable to the evidence, so far as they go, and set forth with reasonable fullness the general principles applicable to the case, or to a particular issue, a party desiring further or more particular instructions should request them, and in the absence of such request he cannot complain of omissions in the charge unless it plainly appears that the jury was misled by such omissions."

Plaintiff did not request additional instructions. We have examined the instructions and it does not appear that the jury was misled by the complained of omissions.

■ Plaintiff challenges the instructions concerning the $1,500.00 note and mortgage. The gist of this contention is that even though defendants did testify that originally plaintiff was to furnish the financing, the parties had a right to make and did make a subsequent agreement whereby defendants furnished some of the money which they borrowed from plaintiff.

In effect, plaintiff argues that the jury should have been instructed that if they found plaintiff did furnish $1,500.00 for the business on behalf of defendants, it could find for plaintiff on the $1,500.00, even though it found for defendant on the $2,575.00 note.

As heretofore stated, this case was tried and presented to the jury on the theory that plaintiff would be entitled to prevail on both notes or on neither of the notes. Plaintiff did not request an additional instruction concerning this theory. In our opinion, the trial court's instructions were sufficient to properly present the issues to the jury.

Judgments in both cases affirmed.

HUGHES and CORYELL, JJ., concur.