**Willard Leo FEGETT, Petitioner,**

v.

**BERTS TEXACO SERVICE STATION
et al., Respondents.**

No. 45022.

Supreme Court of Oklahoma.

April 4, 1972.

Shores & Babb, Oklahoma City, for petitioner.

Robert E. Shelton, Oklahoma, City, for respondents.

McINERNEY, Judge.

This is an original proceeding to review an order of the State Industrial Court denying Willard Leo Fegett (claimant) an award for an injury allegedly sustained while employed by Berts Texaco Service Station (employer). A Workmen's Compensation insurance policy was in effect on the date of the accident providing coverage to claimant.

The employee's first notice of injury and claim for compensation, or Form 3, filed by claimant stated the cause of accident as

"truck tire fell on claimant." Employer filed an answer denying the claimant was injured by, or the disability complained of was the result of, an accident arising out of and in the course of his employment.

Claimant testified that he worked the midnight to 8:00 A.M. shift by himself; that he was cleaning off the battery shelf in the bay area when a mounted tire fell from the overhead tire rack six feet above him; that he was knocked to the concrete floor and pinned down by the heavy tire; that a Tinker Field Air Force serviceman removed the tire from on top of claimant, wrapped claimant in a blanket, and called employer. Claimant denied being asleep and falling off a bucket on which he was sitting.

Employer testified that he arrived shortly after being informed of the accident and found claimant lying on the floor in the lube room; that a Sergeant Potter told him, in claimant's presence, that claimant was sitting on a five gallon bucket with his head down when the sergeant drove his car into the service station driveway and over the driveway bell; that when the bell rang, claimant jumped up and hit his head on a rack above him and then fell to the floor. Employer further testified that claimant had red paint on his head from the freshly painted rack and that there was no tire on the floor in the vicinity of claimant when he arrived.

The trial judge found that claimant did not sustain an accidental personal injury *as alleged in his Form 3* and denied compensation. The trial judge apparently believed that claimant hit his head on the rack when responding to the bell rather than being struck by a falling tire. It seems to us that claimant should not necessarily be denied compensation under either theory. Under the evidence presented, the accident occurred at the service station when claimant was either cleaning the battery shelf or arising to offer service to a customer when awakened by a bell. Either activity may be in the course of claimant's duties aris-

ing out of his employment at the service station.

■ The basic test of coverage is relation of the injury to the employment. A workman who sustains an injury arising out of and in the course of his employment is entitled to the benefits of the Workmen's Compensation Act. 85 O.S.1971, § 11. The evidence offered by employer may demonstrate negligence or carelessness on the part of claimant, but such evidence will not preclude recovery under the Act. Section 11, supra, specifically provides coverage to an employee "without regard to fault as a cause of such injury." 85 O.S. 1971, § 12 bars contributory negligence of the employee as a defense. Crutchfield v. Bogle, Okl., 270 P.2d 640, 642 (1954). "The Compensation Act marks out a circle whose boundaries are fixed by the 'arising out of' and 'in the course of' employment concept. Within that circle there is compensation. Outside there is not. Most acts are simply silent on the entire question of general fault in the employee." Larson's Workmen's Compensation Law, Vol. 1A, § 30.10, pg. 458 (1967). The Oklahoma Act is not silent; fault of the employee is eliminated as a defense to an injury covered by the Act. The courts will not impose a proscription contrary to the language and intent of the Act.

■ A similar conclusion is reached regarding the conflicting testimony surrounding the occurrence of the asserted accident. An attempt by claimant to improve the circumstances relating to his accident and asserted injury by offering an explanation found to be untrue by the trial judge would not be a sufficient ground for denying a claim compensable under other evidence. In Williams v. Wilson, Okl., 368 P.2d 992 (1962), a personal injury action, the plaintiff testified that defendant negligently drove his automobile into plaintiff's automobile while passing; plaintiff denied that a third automobile was present on the road which caused defendant's automobile to hit plaintiff. The Supreme Court held the failure to submit to the jury, as the

triers of the facts, the theory of concurrent negligence based on the existence of a third vehicle, which theory would permit plaintiff to recover even though plaintiff denied the existence of the third vehicle, was reversible error. We find no reason for a more restrictive rule to be applied in the Industrial Court than is available in the District Court. The plaintiff in *Williams*, as the claimant here, denied the occurrence of an event which, if true, might have permitted recovery. The plaintiff in *Williams* and the claimant in the present case stand in essentially the same position.

■ If there is evidence to support a theory of recovery, then the evidence must be considered by the trier of facts, and the one seeking recovery is not precluded from the benefit, if any, of evidence contradicting his testimony which supports an alternative theory of recovery.

■ The order entered by the trial judge is limited to the accidental injury *as alleged in his Form 3*. The order should be responsive to the issues when measured by the totality of the evidence, including evidence offered to impeach the claimant. "In the absence of a clear legislative intent, courts may not impose any limitations, forfeitures or abridgments upon the employee's rights under the Workmen's Compensation Act." H. J. Jeffries Truck Line v. Grisham, Okl., 397 P.2d 637 (1964).

We make no determination of the sufficiency of the evidence to either grant or deny an award. We merely hold that the denial of an award to a claimant is error when the basis for denial is limited to circumstances "as alleged in his Form 3" without consideration of evidence which is contrary to claimant's evidence, but which may support an alternative theory of recovery under the Act. The order denying compensation is vacated and the cause remanded to the State Industrial Court for further proceedings.

BERRY, C. J., and WILLIAMS, JACKSON, IRWIN, LAVENDER and BARNES, JJ., concur.

DAVISON, V. C. J., concurs in result.

HODGES, J., dissents.