**Shonna HILL, a minor, who sues By and Through Janice HILL, as mother and next friend, and Janice Hill, individually, Appellee,**

v.

**Joe B. WOODSON, D.D.S., individually, and as employer of Jane Doe, and Jane Doe, individually, an unknown female employee of Joe B. Woodson, Appellants.**

No. 70742.

Court of Appeals of Oklahoma, Division No. III.

July 11, 1989.

As Corrected July 13, 1989.

**1376**

Brian Husted, Greg D. Givens, Oklahoma City, for appellants.

Rick Gregory, Eric H. Hermansen, Oklahoma City, for appellee.

## MEMORANDUM OPINION

HANSEN, Presiding Judge:

The only issue involved in this appeal is whether the trial court erred in granting a new trial to Plaintiff. We hold that it did not.

Appellee Janice Hill on behalf of her daughter, Shonna, filed this action against Dr. Joe B. Woodson, D.D.S., and an unnamed employee alleging they assaulted and battered Shonna or were grossly negligent in their treatment of her during a visit to Dr. Woodson's dental office.[1] The jury returned a verdict for Defendants.

Plaintiff filed a timely motion for new trial alleging, among other things, that the trial court erred in denying her request for jury instructions pertaining to negligence even though said instructions were supported by the evidence. The trial court granted Plaintiff's motion finding:

> " . . . .
>
> That the jury verdict returned on the 8th day of February, 1988, in favor of the defendants, has shocked the conscience of the Court. That the Motion for New Trial should be sustained on the grounds that jury instructions on the issue of negligence were warranted by the pleadings and evidence presented at trial, and that specifically the phrase 'and/or use excessive force in attempting to restrain the minor plaintiff', which appeared as a part of the plaintiff's contentions in the Pre-Trial Conference Order, may be considered an allegation of dental malpractice and thereby warrant said instructions on negligence. . . ."

Defendants filed an interlocutory appeal from this order.

A trial court has wide discretion in granting a new trial. It takes a much stronger showing of error or abuse of discretion to reverse when a trial court grants a new trial than if a party is appealing from the refusal to grant a new trial. Thus this Court will not reverse the decision to grant a new trial unless it can be seen beyond all reasonable doubt that the trial court has manifestly and materially erred. *Fitts v. Standard Life and Accident Insurance Co.*, 522 P.2d 1040 (Okla. 1974). Where the instructions fail to present a theory of a party on which the case was tried and on which evidence was introduced, and the theory goes to the right of recovery, such failure constitute fundamental and prejudicial error. *Bradley Chevrolet, Inc. v. Goodson*, 450 P.2d 500 (Okla.1969). Although Plaintiff included allegations of negligence in her petition and the pretrial order set out excessive force as a basis for recovery, the trial court did not instruct the jury it could return a verdict for Plaintiff if the evidence showed negligence. Plaintiff did produce evidence of negligence at trial, which Defendants countered with an expert witness testifying that Defendants care was reasonable and prudent.

It is the duty of the trial court to instruct the jury on the fundamental issues of the case, as joined by the evidence, not merely as alleged in the pleadings. *Williams v. Wilson*, 368 P.2d 992 (Okla. 1962) The trial court recognized it made a mistake in failing to give instructions on negligence though they were requested by Plaintiff. On this basis it granted a new trial. The trial court did not abuse its discretion.

AFFIRMED

BAILEY, C.J., and REYNOLDS, J., concur.

---

1. Janice Hill also stated a claim for her own emotional distress but dismissed it prior to trial.